JAMES EDDIE HOLLOWAY, BY HIS NEXT FRIEND, MRS. IZOLIA BLAKE HOLLOWAY v. ROSA HOLLOWAY.

AND

JAMES EDDIE HOLLOWAY, SR. v. ROSA HOLLOWAY AND HUSBAND CONNIE HOLLOWAY.

(Filed 12 June 1964.)

**1. Automobiles § 42k—**

Evidence tending to show that plaintiff stopped on the steps of an inn some 15 or more feet distant from the curb and looked both ways and then ran or walked into the street from between parked cars without again looking to the east, and was struck by a car approaching from the east, that a car could be seen approaching from this direction for some three blocks and that cars were parked on both sides of the street so as to leave only one lane for traffic, *is held* to show contributory negligence as a matter of law on the part of plaintiff.

**2. Automobiles § 33—**

While the failure of a pedestrian to yield the right of way to a motorist when crossing at a point other than a crosswalk is not contributory negligence *per se,* if all of the evidence establishes such failure as a proximate cause of his injury so clearly that no other reasonable conclusion is possible, nonsuit is proper.

APPEAL by plaintiffs from *Hall, J.,* October Civil Session 1963 of DURHAM.

These two civil cases were consolidated for trial and appeal purposes. The first is an action instituted on behalf of the minor plaintiff

by his next friend to recover for personal injuries; the second is an action instituted by his father for loss of earnings and medical expenses. Since the right of the father to recover depends upon the right of the minor plaintiff to recover in his action, it is only necessary to consider the minor plaintiff's appeal.

Shortly after 10:30 p.m. on 16 September 1961, the defendant was operating her 1957 Mercury automobile westwardly along East Pettigrew Street in the City of Durham. The plaintiff had just left Birdland Inn, on the south side of Pettigrew Street, and was crossing to the north side of the street, where he intended to get into a waiting automobile stopped in the westbound lane, when he was struck by the right front portion of defendant's automobile. The point of impact was some 50 or 60 feet east of the intersection of Pettigrew and Sowell Street. Pettigrew Street is 28 feet wide in the block where the accident occurred, and there is no pedestrian crosswalk; the northern ten feet is the westbound traffic lane; the southern 18 feet is the eastbound traffic lane with parking space along this lane. The speed limit was 35 miles per hour. Although there were "No Parking" signs along the westbound lane, two cars were parked in this lane at the time of the accident, and cars were parked on the south side of the street. There was room only for a single car to pass between these parked cars. The defendant driver was passing these cars at the time of the accident.

Plaintiff's evidence tends to show that defendant Mrs. Rosa Holloway did not apply her brakes until after she struck the plaintiff, and that she did not sound her horn.

Plaintiff's evidence, including that given by the *feme* defendant, who was called as a witness by the plaintiff, conflicted sharply in several respects. Witnesses for the plaintiff testified that the speed of Mrs. Holloway's car was 45 to 50 miles per hour; Mrs. Holloway testified that her speed was 25 to 30 miles per hour.

Worth Hill, a policeman for the City of Durham, arrived at the scene of the accident about three minutes after it occurred. This officer testified that the Birdland Inn is 20 to 30 feet from the curb line of Pettigrew Street; that three vehicles were parked in front of the Birdland Inn and two across the street on the north side thereof; that defendant Mrs. Rosa Holloway said she was driving west on Pettigrew Street and was passing the cars that were parked on the north side of the street; that she pointed out where the impact occurred, which was right in front of the Birdland Inn. Skid marks began about ten feet from the point of impact and continued for 70 feet to the point where the car stopped. This witness testified that the defendant stated to him that the boy ran right out from the parked cars in front of her. "She

told me that there was no time or opportunity for her to stop to avoid it."

Barbara Jean Council Clemmons, one of plaintiff's witnesses, testified that she was sitting on the fender of a car parked in front of the Birdland Inn and saw the accident. "I saw the car driven by the defendant Rosa Holloway when he was running across the street. * * * At the time that she * * * hit him, he had almost made it to this other boy's car * * *, Her right front fender hit him."

On cross examination this witness testified: "James came out running at the time and he ran right on in front of where I was sitting. Right out onto the street * * *. There were two cars parked there, and he ran between them. He ran between the car nearest Sowell and the next one up. * * * He never stopped running until he got hit * * *. Until he got hit he kept right on running. He almost made it, though. It wasn't far from the car across the street, because * * * couldn't but one car get past. * * * That car got right up on James when he ran out into the street. * * * (W)hen I saw the car, he was coming between the cars * * *."

Plaintiff's evidence further discloses that he and some boyfriends were driving around in a Chevrolet automobile driven by Fred Edgerton; that Edgerton let the boys out of his car in front of the Birdland Inn a few minutes before the accident. Edgerton admitted on cross examination that he signed a statement shortly after the accident which read in part as follows: "I stopped on the north side of Pettigrew Street, facing west, and they got out of the car and ran across the street to Birdland Inn and went in * * *, they were inside only a few minutes when they came running back out. Both of them ran out into — in the street toward my car. Holloway was in front. Just before he reached my car he was hit by another westbound car which was in the act of passing my car."

James Eddie Holloway testified: "I am 19 years old. On September 16, 1961, I went into the Birdland Inn in Durham * * *. I was in there about 10:35 and was there about eight or nine minutes. I rode to the Birdland with Fred Edgerton in his father's 1959 Chevrolet. * * * After I went in, I got a hot dog. * * * When I started out of the Birdland Inn, I stopped on the steps in front of the Birdland Inn * * * I looked west, as I was coming out the door; * * * I looked east; and then I came to the curbing and I looked west, and I started across the street. I do not remember anything after that."

On cross examination, plaintiff testified: "I walked on out on the steps. That isn't about 30 feet back from the curb; it's 15 feet. I looked to the east and the west from the steps and did not see any cars

coming from either way. I walked out to the curb; as I remember it, I walked. I did not see Barbara Jean Council then. * * * There were a number of cars parked on the south side. I went to the curb between two cars. I looked up to the west towards Durham and did not see anything coming from the west. I did not look back to the east then. * * * When I went down to the curb, I did not look back to the east. I never saw the car of Rosa Holloway. You could see back at least three blocks to the east from the curb there in front of the Birdland. * * * I knew before that time that that was the main thoroughfare back and forth from East Durham over toward town; and I knew that cars traveled that street all the time. * * *"

At the close of plaintiff's evidence, the defendants moved for judgment as of nonsuit. The motion was allowed and the plaintiff in each case appeals, assigning error.

*Everett, Everett & Everett for plaintiff appellants.*
*Bryant, Lipton, Bryant & Battle for defendant appellees.*

DENNY, C.J. The only assignment of error is based on an exception to the ruling of the court below sustaining defendants' motion for judgment as of nonsuit.

In our opinion, if it be conceded that defendant Rosa Holloway was guilty of actionable negligence, it is equally clear that the minor plaintiff contributed to his own injury by negligently and carelessly entering the street without taking any precaution whatever for his own safety.

It clearly appears from the evidence introduced in the trial below that the minor plaintiff never looked in the direction from which the Holloway car was approaching after he left the front steps of the Birdland Inn, whether such Inn is 15, 20 or 30 feet south of Pettigrew Street. Moreover, according to the evidence of the witness Barbara Jean Council Clemmons, who was sitting on the front fender of a car parked on the south side of the street in front of the Birdland Inn, she saw the Holloway car approaching when the minor plaintiff ran in front of her, between two parked cars, and into the street. Furthermore, the plaintiff testified that one could see at least three blocks to the east from the curb in front of the Birdland Inn. The facts compel the view that the Holloway car was visible to him at the time he entered the street, if he had looked. "There are none so blind as those who have eyes and will not see * * *." *Furst v. Merritt,* 190 N.C. 397, 130 S.E. 40.

In *Blake v. Mallard, Ante,* 62, *Sharp, J.,* speaking for the Court, said: "The failure of a pedestrian crossing a roadway at a point other

than a crosswalk to yield the right of way to a motor vehicle is not contributory negligence *per se;* it is only evidence of negligence. *Landini v. Steelman,* 243 N.C. 146, 90 S.E. 2d 377. However, the court will nonsuit a plaintiff-pedestrian on the ground of contributory negligence when all the evidence so clearly establishes his failure to yield the right of way as one of the proximate causes of his injuries that no other reasonable conclusion is possible. *Gamble v. Sears,* 252 N.C. 706, 114 S.E. 2d 677; *Barbee v. Perry,* 246 N.C. 538, 98 S.E. 2d 794; *Garmon v. Thomas,* 241 N.C. 412, 85 S.E. 2d 589; *Tysinger v. Dairy Products,* 225 N.C. 717, 36 S.E. 2d 246.

"The law imposes upon a person *sui juris* the duty to use ordinary care to protect himself from injury. It was plaintiff's duty to look for approaching traffic before she attempted to cross the highway. Having started, it was her duty to keep a lookout for it as she crossed. *Rosser v. Smith,* 260 N.C. 647, 133 S.E. 2d 499. Having chosen to walk diagonally across a six-lane highway, vigilance commensurate with the danger to which plaintiff had exposed herself was required of her."

It is manifest from the minor plaintiff's evidence, which is all the evidence adduced in the trial below, that his negligence was at least one of the proximate causes of his injury. No other conclusion can reasonably be drawn. Consequently, the judgment as of nonsuit will be upheld.

Affirmed.