MRS. CASSIE M. MESSICK v. C. A. TURNAGE.

(Filed 22 September, 1954.)

**1. Negligence § 19b (5)—**

Plaintiff instituted this action to recover for personal injury allegedly caused by the falling of plaster in defendant's theatre. The allegations were to the effect that the plaster fell because of seepage of water due to a leaking roof, but the evidence was to the effect that the water flowed from a rest room on the balcony level. *Held:* Nonsuit was properly entered for variance between the allegation and proof.

**2. Pleadings § 24—**

Proof without allegation is as unavailing as allegation without proof.

PLAINTIFF's appeal from *Carr, J.,* February 1954 Term, BEAUFORT Superior Court.

In this action the plaintiff seeks to recover damages on account of injuries she received while a patron in defendant's moving picture theatre. The allegations in her complaint are in substance that she purchased a ticket and entered the theatre during a hard rain; that falling plaster and water behind her so frightened her that she involuntarily jumped from her seat, striking the metal part of the seat in front, causing her injury. The particular breach of duty on the part of the defendant which she alleges is actionable negligence is set out in the following words: "That the defendant failed to maintain a safe theatre and auditorium for plaintiff's enjoyment, in that the defendant knew or should have known by reasonable observation which was his duty, that said roof was leaking and in bad repair."

She further alleges somewhat indefinitely that this condition caused the plaster to give way. The other allegations of negligence are too general, too indefinite, and too vague to be availing.

The defendant answered, denying negligence, and denying that the roof was leaking or in bad repair.

The evidence, in the light most favorable to the plaintiff, tended to show the theatre consisted of a main floor and a balcony which extended over the rear part of the main floor on either side and to the rear. A restroom on the level with the balcony floor was maintained for the patrons of the theatre. A valve in one of the fixtures in the restroom failed to close, causing water to spill out to the floor. This floor was of tile, sloping toward the center, and fitted with a drainpipe sufficient in size to carry all overflow. This pipe was covered with a grill. Cigarette butts and other debris had clogged the pipe. Water covered the floor to a depth sufficient to overflow a three-quarter-inch strip at the door. The balcony was covered with a carpet which soaked up the overflowing

water. Seepage from the carpet through the floor of the balcony softened the plaster under the balcony. Suddenly this plaster gave way, and, to use plaintiff's own words, "I thought the whole balcony was coming down behind me, it make so much fuss. I did not know what was going on at the second when it happened, and it startled me so I hit my leg on the back of the seat." The plaintiff's evidence further tended to show the door to the restroom was closed. The sound of running water could not be heard from the outside. Water could not be discovered from the outside, except by examination or stepping on the carpet. At the close of plaintiff's evidence, motion for judgment of nonsuit was made and sustained. The plaintiff appealed.

*LeRoy Scott and L. H. Ross for plaintiff, appellant.*
*Rodman & Rodman for defendant, appellee.*

HIGGINS, J. The negligence sufficiently pleaded in the complaint is to the effect that the defendant "knew or should have known . . . that said roof was leaking and in bad repair . . ." There is not a suggestion in the evidence that the roof was leaking and in bad repair. It was incumbent upon the plaintiff not only to prove negligence proximately causing her injury, but it was her duty to prove negligence substantially as alleged in her complaint. This she failed to do. Proof without allegation is as unavailing as allegation without proof. *Smith v. Barnes*, 236 N.C. 176, 72 S.E. 2d 216; *Bowen v. Darden*, 233 N.C. 443, 64 S.E. 2d 285.

The judgment of the Superior Court of Beaufort County is
Affirmed.