DONALD EDWARD MAYNOR, BY HIS NEXT FRIEND, JOSEPH C. REYNOLDS v. RICHARD CLAYTON PRESSLEY AND JULIUS McCREE PRESSLEY.

(Filed 7 March, 1962.)

1. **Negligence § 20—**

A plea of contributory negligence must allege acts or omissions on the part of plaintiff which will support the conclusion that plaintiff was guilty of negligence constituting a proximate cause of the injury, and mere allegation that plaintiff was negligent is insufficient.

2. **Automobiles § 35—   Allegations held insufficient to state defense of contributory negligence.**

Plaintiff was a passenger in a car and was injured in an automobile accident while the vehicle was being driven by one of defendants. Defendants alleged that after plaintiff and defendant driver had drunk some five to seven beers apiece plaintiff persuaded and encouraged defendant driver to drive plaintiff on a trip, that plaintiff knew of defendant's condition, and that the accident occurred on the return trip. *Held:* There being no allegation as to the length of time intervening between the several incidents, or that defendant driver lacked capacity to drive, or that plaintiff, having knowledge of such incapacity, voluntarily exposed himself to the danger of riding as a passenger when he should have foreseen an injury might result, the allegations are insufficient to state contributory negligence and should have been stricken on motion.

3. **Pleadings § 34—**

Allegations in the answer which are insufficient to state a defense should be stricken on motion as irrelevant.

WINBORNE, C.J., not sitting.

On *certiorari* to review order of *Clarkson, J.,* Regular October Civil Term 1961, BUNCOMBE Superior Court.

The plaintiff instituted this civil action to recover damages incurred as a result of an automobile accident while he was a passenger in a 1955 Chevrolet automobile owned by Julius McCree Pressley and driven by Richard Clayton Pressley.

The defendants filed a joint answer denying that Richard C. Pressley was negligent in operating the vehicle. As a plea in bar, the defendants allege the plaintiff was guilty of contributory negligence. Judge Phillips, on plaintiff's motion, struck the plea upon the ground the facts alleged were not sufficient in law to constitute a valid plea of contributory negligence. The defendants amended the answer by a slightly different wording. Judge McLean granted the plaintiff's second motion to strike, holding the factual allegations insufficient. As a third attempt to plead contributory negligence, the defendants alleged: " . . . the plaintiff and the defendant, Richard Clayton Pressley, had for some length of time been drinking beer together prior to the alleged accident; that the plaintiff and the defendant had consumed some five to seven beers apiece which drinking was one of the contributing factors of said collision. That the plaintiff thereafter persuaded and encouraged said defendant to drive said plaintiff to his girl friend's house full aware of the defendant's condition and that it was on the trip returning therefrom that the alleged accident occurred; and that the plaintiff was the instigator and planner of said trip and it was at his encouragement that said trip was made."

The court entered an order denying the third motion to strike. We granted *certiorari* to review that order.

*Williams, Williams and Morris, By J. N. Golding for defendants appellees.*

*S. Thomas Walton for plaintiff appellant.*

HIGGINS, J. A plea of contributory negligence must allege negligent acts or omissions on the part of the plaintiff which contributed to his injury as one of its proximate causes. *Skinner v. Jernigan,* 250 N.C. 657, 110 S.E. 2d 301; *Adams v. Board of Education,* 248 N.C. 506, 103 S.E. 2d 854; *Hunt v. Wooten,* 238 N.C. 42, 76 S.E. 2d 326; *Holderfield v. Trucking Co.,* 232 N.C. 623, 61 S.E. 2d 904; *Tyson v. Ford,* 228 N.C. 778, 47 S.E. 2d 251.

An allegation that a party was negligent is not enough. The ultimate facts alleged must be such as to permit a reasonable inference of some negligent act or omission on the part of the plaintiff which contributed to his injury. The defendants do not allege the driver was under the influence of intoxicants or that he was otherwise incapacitated to operate the vehicle. They allege that during some undisclosed period of time the driver and the plaintiff had consumed five to seven beers. Neither the size of the drinks nor the effect of taking them, was alleged. Some time afterwards they paid a visit to the girl friend's home.

How long, or how short, the stay is not alleged. On the return trip the accident occurred.

It is alleged that the plaintiff knew about the driver's condition, whatever it was, and with that knowledge continued to ride with him. If the driver was intoxicated, if he was incapable of operating the automobile with safety, and the plaintiff, after notice, voluntarily continued to ride as a passenger, it would seem to be a rather simple matter to say so in the pleading. For failure to allege the facts essential to the plea, Judge Phillips ordered the plea stricken. For the same failure after amendment, Judge McLean entered a similar order. For the third time the plea was filed with the defects unremedied. However, the court entered an order denying the motion to strike.

The plea fails to allege facts which are sufficient in law to show the defendant, Richard C. Pressley, lacked capacity to drive the vehicle and the plaintiff, knowing of the incapacity, voluntarily exposed himself to the danger of riding as a passenger when he should have foreseen that injury might result. *Dinkins v. Carlton,* 255 N.C. 137, 120 S.E. 2d 543; *Bell v. Maxwell,* 246 N.C. 257, 98 S.E. 2d 33. If the facts alleged are insufficient as a defense, the plea should be stricken as irrelevant. *Davis Co. v. Hosiery Mills,* 242 N.C. 718, 89 S.E. 410. The motions to strike should have been allowed. The cause is remanded to the Superior Court of Buncombe County for the entry of an order striking the plea in bar.

Reversed.

WINBORNE, C.J., not sitting.