CHARLES JUNIOR COOPER v. BILLIE VERNON KISER
AND
ALLENE CULLER GILLESPIE v. BILLIE VERNON KISER.

(Filed 21 November 1962.)

**Automobiles § 49—**

A passenger may not be held contributorily negligent as a matter of law in voluntarily riding in an automobile driven by a person who had drunk some intoxicating beverage when divergent inferences may be drawn from the evidence as to the quantity of liquor drunk, and it does not appear from the evidence that any incapacity of the driver was obvious.

APPEALS by plaintiffs from *Clark (Edward B.), S.J.*, May 7, 1962 Term of RANDOLPH.

Plaintiffs, passengers in defendant's automobile, were injured when it collided with another car going in the opposite direction. The cases were consolidated for trial. Plaintiffs allege the collision was caused by the negligence of defendant in driving his car on his left side of the road at an excessive and unlawful rate of speed and in failing to keep a proper lookout.

Defendant denied the allegations of negligence. Additionally, he asserted contributory negligence on the part of plaintiffs. To support his plea of contributory negligence he alleged his car was being operated by one Cranford; that plaintiffs, defendant, and the driver of his car "were engaged in a drinking party" at the home of plaintiff Gillespie prior to the collision; that plaintiffs knew or should have known that defendant and the driver of his car were, because of the consumption of alcoholic beverages, in no condition to safely operate a motor vehicle; and with such knowledge plaintiffs voluntarily rode with defendant.

The court, being of the opinion the evidence established negligence of plaintiffs barring recovery, allowed defendant's motion to nonsuit. Plaintiffs appealed.

*Ottway Burton for plaintiff appellants.*
*Coltrane and Gavin by T. Worth Coltrane for defendant appellee.*

PER CURIAM. Plaintiffs were not denied recovery because of failure to establish the alleged negligence of defendant. On the contrary, they were denied relief on the theory that defendant's negligence was so palpable that plaintiffs, exercising that degree of caution which a prudent person would use for his own safety, would have refused to ride in defendant's automobile when operated either by Cranford or defendant.

Viewed in the light most favorable to plaintiffs, the evidence suffices to show: The collision occurred about 11:00 p.m. Plaintiffs were riding on the back seat. Cooper was asleep and had been asleep for some time when the collision occurred. When the journey started, Cranford was driving. Defendant was driving when the collision occurred. Gillespie and Cranford lived in the same building. Cooper came to see Gillespie about 8:00 a.m. on the morning of the collision. Defendant came to the Gillespie home in the forenoon. He left and returned shortly after noon. He brought with him a pint of gin. This was consumed during the afternoon and early evening by the four occupants of the automobile. Cooper testified on cross-examination: "I could tell what I had drunk. As far as being drunk, I wasn't drunk. Yes, I could feel it." Gillespie testified: "We drank a pint of gin. No, I was not able to feel any degree of intoxication from these three drinks of gin I took, couldn't feel it at all. No, three ounces of gin doesn't make any effect on me." The evidence is not specific as to the quantity of alcoholic beverage Cranford or defendant had consumed.

Divergent inferences may be drawn as to the quantity consumed by each of the four participants. Irrespective of the quantity consumed by Cranford or defendant, what effect had it had on them? Cooper testified he could feel the effect of his imbibing. Gillespie testified she could not. If the drinking sufficed to affect either Cranford or defendant so as to impair their ability to drive safely, did their actions indicate that fact? These were questions of fact that the jury could resolve; but, because of the diverse inferences which might be drawn, the court should have overruled the motions and submitted appropriate issues to the jury. *Dinkins v. Carlton,* 255 N.C. 137, 120 S.E. 2d 543; *Maynor v. Pressley,* 256 N.C. 483, 124 S.E. 2d 162.

Reversed.