FRED THOMAS ROUSE, JR., MINOR, BY HIS NEXT FRIEND, FRED THOMAS
ROUSE, SR., AND FRED THOMAS ROUSE, SR., v. FRED HAMILTON
SNEAD, JR.

(Filed 11 October, 1967.)

**1. Automobiles § 56—**

Evidence favorable to plaintiff tending to show that defendant's speed
was excessive, that palintiff's vehicle was disabled but that its lights were
burning and visible to approaching traffic, and that plaintiff and his com-
panions were in the process of pushing their disabled vehicle on the straight
and unobstructed highway, with its left wheels on the hardsurface only
to the extent of some two feet, and that defendant collided with the rear
of the disabled vehicle as plaintiff was attempting to get back into the
driver's seat, resulting in plaintiff's injury, *held* sufficient to be sub-
mitted to the jury on the issue of defendant's negligence.

**2. Automobiles § 88—**

If plaintiff's own evidence discloses contributory negligence as a sole
reasonable conclusion to be drawn from his evidence, nonsuit is proper;
if the evidence is such that reasonable minds may differ, the question of
contributory negligence must be submitted to the jury.

**3. Automobiles § 81— Evidence held not to show contributory negli-
gence as matter of law in pushing disabled vehicle on highway.**

The evidence tended to show that plaintiff's vehicle became disabled on
the highway at nighttime, but that its lights remained burning, and that
he and his companions began pushing the car on the highway, plaintiff
being on the left for the purpose of steering, that only the left wheels of
the vehicle were on the hardsurface to the extent of about two feet, and
that defendant collided with the rear of plaintiff's vehicle and injured
plaintiff as he was attempting to get back in the driver's seat in response
to a warning of an oncoming vehicle. The evidence further disclosed that
the disabled vehicle was in a slight depression, that the highway was
straight and unobstructed, and that when plaintiff and his companions
began pushing the vehicle there was no other traffic in sight. *Held:* The
evidence does not show contributory negligence on the part of plaintiff as
a matter of law.

APPEAL by defendant from *Parker, J.,* March 27, 1967 Civil Ses-
sion, NEW HANOVER Superior Court.

The plaintiffs, Fred Thomas Rouse, Jr., a minor, and Fred
Thomas Rouse, Sr., instituted civil actions against the defendant
for personal injuries and property damage alleged to have been
proximately caused by the negligence of defendant, Fred Hamilton
Snead, Jr. The case was before this Court at a former term and is
reported in 269 N.C. 623.

The plaintiffs alleged and offered evidence tending to show that
on October 2, 1964 a rear-end collision occurred between a 1954
Oldsmobile owned by Rouse, Sr. and driven by Rouse, Jr., and a
1963 Chevrolet owned and driven by the defendant. The collision

occurred near midnight on U. S. Highway 117 in New Hanover County. While Rouse, Jr. was operating the vehicle on the highway, the engine suddenly cut off. He and his two companions were unable to start the motor. They had stopped in a slight depression, but the road was straight for several hundred yards in each direction. Rouse, Jr. and his companions attempted to push the disabled vehicle to a service station further down the highway. The two left wheels were as much as 2 or 3 feet on the highway and the other wheels were on the shoulder. The minor plaintiff was on the left side pushing, and at the same time attempting to manipulate the steering wheel. One of his companions was pushing from the rear and the other from the right-hand side. The defendant drove up from behind and struck the minor plaintiff and the automobile, injuring the minor plaintiff, and damaging the Oldsmobile. The minor plaintiff testified:

". . . I made sure all the lights were on, front and back. They were burning very brightly, because the trouble wasn't in my battery. Michael got on the right hand side of the automobile on the shoulder. Sammy Raymor got in the middle of the automobile, and I was at the driver's door. That is on the left side, and we pushed it up on the highway. We had the two left tires of the automobile no more than two feet on the highway. The other two tires on the right side were on the shoulder.

\* \* \*

Before we started pushing, we noticed there was no cars coming either way, and started pushing it and got the tires about two feet on the highway, and Michael hollered there was a car coming. . . . I tried to get inside the automobile, and before I could the car hit me. When I was struck I was at the driver's door, trying to get in. . . ."

The evidence disclosed that U. S. Highway 117 is a hard surfaced, two-lane highway, 24 feet wide, with shoulders 8 to 10 feet wide. There was a dip which began about 100 feet from the point of impact and which continued for about 400 feet.

At the scene of the accident, the defendant told the investigating officer that he "swerved to avoid striking the vehicle and skidded, slid on the wet pavement". The plaintiffs offered evidence of personal injury and damage to the automobile. At the close of his evidence, the defendant renewed his motions for nonsuit first made at the close of plaintiffs' evidence. To the Court's denials, defendant excepted. The jury answered the issues of negligence, contributory negligence, and damages in favor of the plaintiffs. From judgments on the verdicts, the defendant appealed.

ROUSE v. SNEAD.

*Marshall & Williams by Lonnie B. Williams for defendant appellant.*

*Aaron Goldberg, James L. Nelson for plaintiff appellees.*

HIGGINS, J. The defendant has assigned errors based on numerous exceptions to the admission and exclusion of evidence. Examination of each exception fails to reveal error of substance. The evidence was conflicting as to the defendant's speed, as to whether the lights on the plaintiff's vehicle were visible to approaching traffic, and as to the position of the disabled vehicle at the time of collision. The evidence was sufficient to permit the jury to find the Oldsmobile was well lighted, notwithstanding the motor was dead. The evidence of defendant's speed, the skidmarks, and failure to avoid striking the plaintiff's vehicle was sufficient to go to the jury on the issue of defendant's negligence.

We have examined the many objections to the Court's charge and find them without merit. When considered as a whole, as it must be, the charge presented the case fairly and gave the jurors an accurate legal blueprint by which they were to be governed.

Notwithstanding plaintiff's contention to the contrary, the defendant's motion for nonsuit presented the question whether plaintiff's evidence disclosed his contributory negligence as a matter of law. On motion to nonsuit, where negligence and contributory negligence arise on the pleadings, as here, the Court considers first whether the evidence is sufficient for jury consideration on the issue of defendant's negligence. If found insufficient, the Court will grant the motion. However, if the evidence is sufficient for jury determination, then the Court will determine whether plaintiff's contributory negligence appears from his evidence as a matter of law. If there is some evidence of contributory negligence, but not enough to disclose contributory negligence as a matter of law, then the case should go to the jury on all issues upon which there is sufficient evidence to raise a jury question. Plaintiff's contributory negligence as a matter of law requires nonsuit, notwithstanding evidence on other issues. *Rosser v. Smith,* 260 N.C. 647, 133 S.E. 2d 499; *Holland v. Malpass,* 255 N.C. 395, 121 S.E. 2d 576; *Peeden v. Tait,* 254 N.C. 489, 119 S.E. 2d 450.

After careful review, we think the evidence of the contributory negligence places this case in the borderline category. There was evidence which would support a finding the plaintiff, driver, in pushing the vehicle back on the road, was negligent. The hour was late at night. No traffic was in sight. The road was straight for several hundred yards. Only the left wheels of the vehicle were on the

hard surface, to the extent of about 2 feet. The evidence, however, does not compel a finding the plaintiff was negligent. On the issue of contributory negligence, reasonable minds may differ. Such being so, that issue was for the jury. *Short v. Chapman*, 261 N.C. 674, 136 S.E. 2d 40; *Rodgers v. Thompson*, 256 N.C. 265, 123 S.E. 2d 785. Judge Parker was correct in overruling motions for nonsuit.

In the judgment of the Superior Court, we find

No error.