ROBERT WARREN v. FREAL M. LEWIS.

(Filed 10 April 1968.)

1. Negligence § 11—

Contributory negligence is an affirmative defense which must be pleaded and established by proof.

2. Negligence § 26—

Ordinarily, contributory negligence is an issue of fact to be decided by the jury, but when plaintiff's own evidence so clearly establishes defendant's plea of contributory negligence that no reasonable inference to the

contrary may be drawn therefrom, the court, in the absence of a last clear chance issue, is required to grant defendant's motion for nonsuit.

**3. Automobiles § 18—**

   The driver of a vehicle is required to remain on a private road until he ascertains, by proper lookout, that he can enter the main highway in safety to himself and to others on the highway. G.S. 20-158.

**4. Negligence § 1—**

   The law imposes upon a person *sui juris* the duty to use due care to protect himself from injury, and the degree of such care should be commensurate with the danger to be avoided.

**5. Automobiles § 74—**

   Evidence tending to show that a motorist entered a highway from a private road and that he had traveled a distance of only 15 to 16 feet from the road when his automobile was struck by defendant's car, and that the motorist's view of the highway in the direction from which defendant was traveling was unobstructed for a distance of more than 600 feet, is sufficient to disclose contributory negligence on the part of the motorist, barring recovery as a matter of law.

BOBBITT, J., concurring.

SHARP, J., joins in concurring opinion.

APPEAL by plaintiff from *Martin, S.J.,* September 4, 1966 Civil Session, FORSYTH Superior Court.

The plaintiff, Robert Warren, instituted this civil action against the defendant, Freal M. Lewis, to recover $25,000 for personal injury and $500 for property damage he sustained in a collision between his 1958 Chevrolet and the defendant's 1962 Dodge.

The verified pleadings, consisting of complaint, answer, counterclaim and reply, raised issues of negligence, contributory negligence and the personal injury and property damage sustained by each of the parties. By counterclaim, the defendant demanded $20,000 for his personal injury and $1,250 for the damage to his automobile.

The plaintiff's evidence disclosed the collision occurred at 5:45 on the afternoon of June 15, 1966 as the plaintiff attempted to enter the main highway (Shattalon Drive) from the north over a private road, intending to turn east on Shattalon. The north lane of Shattalon was marked for westbound traffic and the south lane for eastbound traffic. A white line separated the two lanes, each of which was 10 feet wide. Viewed from the private road, the highway was straight for a considerable distance in each direction. To the west there was a slight elevation, the crest of which was 400 to 600 feet from the private entrance. An automobile could be seen for at least 50 feet beyond the crest.

WARREN v. LEWIS.

The plaintiff testified he stopped in the private entrance 5 or 6 feet from the surface of Shattalon, looked in both directions, and failing to see any approaching traffic, he undertook to cross to the south lane, intending to turn eastward. The defendant, driving his Dodge eastward, crashed into the rear of plaintiff's Chevrolet before the plaintiff completed his intended movement.

On cross examination, the plaintiff admitted he had been tried and convicted on five charges of traffic violations. "I have been involved in two wrecks and this makes the third one". However, these violations all occurred more than two years before the accident here involved. The plaintiff admitted to the officer, and testified, that he did not see the defendant's vehicle until after the accident. The plaintiff further testified that he had crossed the center line and had turned eastward at the time of the collision; that his vehicle had traveled 25 to 35 feet, at 10 to 25 miles per hour, from his stopped position. However, the physical evidence as given by his own witness, the investigating officer, disclosed the center of the debris was on the white line, indicating the plaintiff's vehicle had traveled only a distance of 15 to 16 feet from the position where the plaintiff had stopped. The point of impact was directly opposite the stop sign.

Patrolman Peeler testified the crest of the hill was 500 to 600 feet west of the intersection. Skidmarks extended westward 168 feet from the debris. The defendant admitted he was driving 60 to 65 miles per hour at the top of the hill, slowed down to 55, and was making about 50 at the time of the impact. The posted speed limit was 55 miles per hour. The defendant admitted to officer Peeler that when he saw the plaintiff's vehicle suddenly appear before him, he cut to the left in an unsuccessful effort to avoid a collision. The Lewis vehicle came to rest on the north side of the highway, and the plaintiff's on the south side. The right rear of the Lewis Dodge was damaged ("from the door backwards").

On cross examination, officer Peeler testified the plaintiff ". . . has a restricted driver's license, the restriction being that he wear glasses at all times that he is operating an automobile". He was not wearing glasses at the time the officer arrived on the scene of the accident. However, the plaintiff testified he was wearing glasses, but lost them in the accident.

The plaintiff offered medical and other evidence of his injuries. At the close of the plaintiffs evidence, the Court sustained the defendant's motion for nonsuit of the plaintiff's cause of action. The defendant took a voluntary nonsuit on his counterclaim. From the Court's judgment dismissing the action, the plaintiff appealed.

*Randolph and Drum by Clyde C. Randolph, Jr., for plaintiff appellant.*

*Harold R. Wilson and Wesley Bailey by Wesley Bailey for defendant appellee.*

HIGGINS, J.   The plaintiff's evidence was sufficient to go to the jury on the issue of the defendant's negligence. Consequently, the judgment of nonsuit may be sustained only if the plaintiff's evidence discloses his contributory negligence as a matter of law. Contributory negligence is an affirmative defense which must be pleaded and established by proof. Ordinarily, the issue is one of fact to be decided by the jury. However, when the plaintiff's own evidence so clearly establishes the defendant's plea of contributory negligence that no reasonable inference to the contrary may be drawn from that evidence, the court, in the absence of a last clear chance issue, is required to grant defendant's motion for nonsuit. *Rouse v. Snead,* 271 N.C. 565, 157 S.E. 2d 124.

Justice Lake, in *Douglas v. W. C. Mallison & Son,* 265 N.C. 362, 144 S.E. 2d 138, has accurately and concisely stated the rule governing nonsuit on the ground of plaintiff's contributory negligence. "A judgment of nonsuit on the ground of contributory negligence may be entered only when the plaintiff's evidence, considered alone and taken in the light most favorable to him, so clearly establishes the defense that no other reasonable inference or conclusion can be drawn therefrom. *Cowan v. Transfer Co.,* 262 N.C. 550, 138 S.E. 2d 228; *Waters v. Harris,* 250 N.C. 701, 110 S.E. 2d 283; Strong, N. C. Index, Negligence, § 26. For such a ruling to be proper, it is also necessary that the answer has alleged the negligent act or omission on the part of the plaintiff which is so shown by the evidence. *Maynor v. Pressley,* 256 N.C. 483, 124 S.E. 2d 162; *Rodgers v. Thompson,* 256 N.C. 265, 123 S.E. 2d 785; *Messick v. Turnage,* 240 N.C. 625, 83 S.E. 2d 654; *Hunt v. Wooten,* 238 N.C. 42, 76 S.E. 2d 326; G.S. 1-139."

In the case at bar, the plaintiff's evidence paints this picture: The plaintiff had a limited operator's license which required him to wear glasses. He had been convicted in court for five traffic violations. These incidents may help to explain plaintiff's failure to see and appreciate the danger confronting him as he entered the main highway. His view from the intersection to his right was unobstructed to the top of a hill 400 to 600 feet west of the intersection. An automobile could be seen an additional 50 feet beyond the crest. In clear weather, and in broad daylight, he entered the main highway, without discovering the vehicle approaching from the west. The phy-

sical evidence indicated the plaintiff had moved only a distance of approximately 16 feet — 6 to and 10 across the north lane before the collision. The plaintiff testified he never saw the defendant's Dodge before this ". . . his third wreck".

The law required the plaintiff to remain in the private road until he ascertained, by proper lookout, that he could enter the main highway in safety to himself and to others on the highway. G.S. 20-158; *Raper v. Byrum,* 265 N.C. 269, 144 S.E. 2d 38; *Howard v. Melvin,* 262 N.C. 569, 138 S.E. 2d 238. By admitting he entered without seeing the defendant's approach from the west, he negligently failed to see a danger, to himself and to the defendant, which was or should have been obvious to him. Not once did he see the defendant's Dodge until after the actual collision. The law imposes upon a person *sui juris* the duty to use due care to protect himself from injury. The degree of such care should be commensurate with the danger to be avoided. *Rosser v. Smith,* 260 N.C. 647, 133 S.E. 2d 499; *Basnight v. Wilson,* 245 N.C. 548, 96 S.E. 2d 699; *Tyson v. Ford,* 228 N.C. 778, 47 S.E. 2d 251; Strong, N. C. Index, Negligence, § 11. The conclusion is inescapable that the plaintiff failed to look, or failed to see the approach of the defendant's automobile, which had the right of way. This right of way the plaintiff's negligent movement occluded.

The judgment of nonsuit on the ground of contributory negligence is

Affirmed.

BOBBITT, J., concurring:

On cross-examination, plaintiff testified, *without objection,* he had been previously convicted of five charges of traffic violations. If objections had been interposed, this testimony would have been admissible for the purpose of impeachment, *Ingle v. Transfer Corp.,* 271 N.C. 276, 156 S.E. 2d 265, and cases cited, but it would not have been admissible as substantive evidence, *Mason v. Gilliken,* 256 N.C. 527, 532, 124 S.E. 2d 537, 540, and cases cited.

Since the opinion of the Court treats the testimony relating to plaintiff's convictions for unrelated traffic violations as substantive evidence, I deem it appropriate to emphasize that this testimony was admitted without objection.

Independent of the testimony relating to plaintiff's convictions for unrelated traffic violations, I concur in the view that plaintiff's evidence discloses contributory negligence as a matter of law.

SHARP, J., joins in this opinion.