ROBERT WHITE v. DAVID H. REILLY

No. 7215DC428

(Filed 2 August 1972)

1. **Automobiles § 73— contributory negligence as a matter of law — backing into lane of travel**
    Plaintiff's evidence did not show him contributorily negligent as a matter of law where defendant collided with the rear end of plaintiff's car as he had completed backing out of a parking space and prepared to proceed forward.

2. **Rules of Civil Procedure § 50— directed verdict — judgment NOV**
    In an action for damages to plaintiff's automobile, the trial court did not err in denying defendant's motions for directed verdict and judgment NOV where plaintiff's evidence did not show that he was contributorily negligent as a matter of law and where there were contradictions in the evidence offered by both parties.

3. **Evidence § 45— nonexpert opinion evidence as to value**
    Weight to be given plaintiff's opinion testimony as to the fair market value of his automobile before and after the accident was for jury determination.

4. **Negligence § 37— instructions on negligence**
    The court's instruction giving the jury a free hand to find negligence in any respect it wished without restrictions to negligence as may have been shown by the evidence was error prejudicial to defendant.

5. **Trial § 35— burden of proof — error in court's instructions**
    The trial court erred in its instructions upon the damage issue in an automobile collision case when it failed to place the burden of proof upon plaintiff.

APPEAL by defendant from *McLelland, District Judge,* 15 November 1971 Session of CHATHAM District Court.

Plaintiff, Robert White, instituted this action against defendant to recover the sum of $400 as damages to his automobile arising out of a collision which occurred on 3 December 1970, at approximately 4:30 p.m., on Hillsborough Street (U.S. Highway 15-501) in Pittsboro, North Carolina.

In his complaint, plaintiff alleged that defendant was negligent in that he drove at an excessive speed, failed to keep a proper lookout, and failed to reduce speed or turn his automobile aside in order to avoid a collision.

In response, defendant denied the material allegations of the complaint and alleged the plaintiff's contributory negligence as a bar to any recovery by plaintiff. By way of counterclaim, defendant alleged that the plaintiff negligently backed his vehicle out of a parking space into defendant's path of travel, smashing into the right front end of defendant's vehicle. Defendant further alleged that plaintiff's negligence was the sole proximate cause of said collision, resulting in damages and expenses to defendant in the sum of $1,000.

Plaintiff repied denying the allegations in defendant's counterclaim.

The case was tried before the District Judge and a jury. Both parties presented evidence, and each moved for a directed verdict, at the close of all the evidence. Both motions were denied.

Issues were submitted to and answered by the jury as follows:

"1. Was plaintiff damaged by the negligence of defendant as alleged in the Complaint?

"Answer: Yes

"2. Did plaintiff, through his own negligence, contribute to his damages as alleged in the Answer of defendant?

"Answer: No

"3. What amount, if any, is plaintiff entitled to recover of defendant?

"Answer: $400.00

"4. Was defendant damaged by the negligence of plaintiff as alleged in the Answer?

Answer: [blank]

"5. What amount, if any, is defendant entitled to recover of plaintiff?

Answer: [blank]"

The defendant then moved for a judgment notwithstanding the verdict and a new trial. Both of these motions were denied and the trial judge entered judgment in accord with the jury verdict. Defendant appealed.

*Teague, Johnson, Patterson, Dilthey & Clay, by Robert W. Sumner, for plaintiff-appellee.*

*Haywood, Denny & Miller, by James H. Johnson III, for defendant-appellant.*

BROCK, Judge.

Defendant brings forward numerous assignments of error grouped under five arguments on this appeal.

Defendant assigns as error the trial judge's denial of his motions for a directed verdict made at the close of all the evidence and for judgment notwithstanding the verdict. It is defendant's contention that these motions should have been allowed on the grounds that the plaintiff's evidence, when considered in the light most favorable to plaintiff, clearly establishes his own contributory negligence. We do not agree.

Plaintiff's evidence tends to disclose the following:

Immediately prior to the accident on 3 December 1970, plaintiff was parked in the third diagonal parking space above the intersection of Hillsborough (U.S. 15-501) Street and Salisbury Street as you proceed north on Hillsborough Street. Both diagonal parking spaces on each side of plaintiff's car were occupied by other cars.

Plaintiff testified that it was not possible to back out of one of the diagonal parking spaces without blocking the lane of travel proceeding north on Hillsborough Street. Plaintiff further testified that prior to backing his car out of the parking space he observed the traffic signal at the intersection

of Hillsborough and Salisbury Streets and that it was red for traffic proceeding on Hillsborough Street.

Plaintiff testified that the events before the collision were as follows:

> "When I backed out my car, I looked continuously until I started my motion forward right after I got backed out. I did not observe any traffic coming up Hillsborough Street or going down this street because the light held them. There were cars stopped on Hillsborough Street going North and South. I was backing out of the space just fast enough and barely moving. I did not see any cars proceeding in the northbound lane of Hillsborough Street while I was backing out, nor did I ever observe any cars coming prior to the moment of impact. I never did hear any horn blow, nor did I hear any screeching of brakes."

Approximately two or three seconds after plaintiff looked forward and put his car into forward gear, the defendant's car struck plaintiff's car in the rear.

Larry O. Hipp, a driver of a van truck which was the second vehicle stopped in the southernbound lane of Hillsborough Street for the traffic signal at the time of the accident, testified in the plaintiff's behalf that he observed plaintiff back out of his parking space and come to a complete stop in the northbound lane prior to the collision. Mr. Hipp further testified that when he first observed defendant's car it was proceeding east on Salisbury Street and making a left turn with a green traffic light (the traffic light was red for Mr. Hipp's lane of travel) into the northbound lane of travel on Hillsborough Street. In his opinion, the defendant's car was traveling approximately 15 to 20 m.p.h. when it moved through the intersection.

Prior to the moment of impact between the plaintiff and defendant's vehicles, Mr. Hipp observed the following: " . . . [T]wo people in front of the [defendant's] car and I noticed a lady and a man in front . . . . The driver of the Reilly vehicle did not appear to be looking ahead, but he appeared to be looking for traffic from his right or talking to the person on the right side of the car to his right. He was not looking ahead at the time."

White v. Reilly

The defendant's evidence was contrary to that offered by the plaintiff. Defendant testified that he had three passengers in his car and that, immediately prior to the accident, he had stopped for a red light at the intersection. He further related that when the traffic signal changed to green for his lane of travel, he proceeded to make a left turn, looking both ways and turning on his left turn indicator; that there was no traffic in the northbound lane of Hillsborough; that his vehicle completed its left turn when plaintiff's car suddenly backed out of a parking space and into his lane of travel; and that he attempted to brake his car to avoid the collision but there was not time.

As mentioned above, defendant contends that plaintiff's evidence showed that plaintiff was contributorily negligent as a matter of law in backing out of the parking space. The thrust of defendant's argument is that plaintiff owed the duty to yield the right-of-way to defendant. The cases defendant relies upon, *Warren v. Lewis,* 273 N.C. 457, 160 S.E. 2d 305; *Garner v. Pittman,* 237 N.C. 328, 75 S.E. 2d 111, are factually distinguishable and are not controlling in the case presently before us. Both of these cases involved vehicles entering public highways from private roads and failure to yield the right-of-way to the approaching motorists on the highway. In the case before us, the plaintiff's car was parked on a public highway and the defendant's theory of principles of yielding the right-of-way [statutory standard in G.S. 20-156(a)] while entering the highway from a private drive do not apply.

[1, 2] The plaintiff's evidence, when considered in the light most favorable to him, justifies a jury finding that plaintiff maintained a proper lookout prior to starting his backing maneuver and during the backing maneuver. Plaintiff did not observe any vehicles proceeding into the northbound lane of travel on Hillsborough Street during his backing maneuver. In fact, plaintiff's evidence tends to show that his automobile had stopped its backing maneuver and was preparing to proceed forward when defendant's vehicle entered the intersection. In our opinion the trial judge was correct in denying defendant's motions for a directed verdict and a judgment notwithstanding the verdict. The discrepancies and contradictions in the evidence offered by both parties were for the jury to resolve.

[3] The defendant also assigns as error the trial judge's refusal to strike plaintiff's answers concerning opinion testi-

mony as to the fair market value of plaintiff's automobile before and after the accident upon defendant's motion to strike the answers to the objected questions. The testimony offered by plaintiff clearly shows that he was familiar with the value of his car both before and after the accident and that plaintiff had such knowledge and experience as to enable him intelligently to place a value on his car. The weight to be given to the testimony was for jury determination. This assignment of error is without merit and is overruled.

Defendant brings forward and argues eighteen assignments of error based on eighteen exceptions properly taken to the instructions given by the trial judge to the jury. We are not disposed to discuss all of these.

We point out however that defendant has failed to distinguish between errors which are prejudicial to defendant and errors which are prejudicial to plaintiff. At least seven of defendant's exceptions to the charge are to portions which, although erroneous and although prejudicial to plaintiff, are not prejudicial to defendant. Defendant is not entitled to a new trial for errors which are beneficial to him.

[4]  In his final mandate to the jury upon the first issue (issue of defendant's negligence) the trial judge instructed the jury as follows:

"If you are satisfied by the plaintiff's evidence and by its greater weight that defendant negligently drove his automobile into plaintiff's automobile causing damage complained of, then you will answer the first issue, yes."

This instruction is error, prejudicial to defendant, because it gives the jury a free hand to find negligence in any respect it wishes without restriction to negligence as may have been shown by the evidence.

[5]  In the instructions upon the damage issue (the third issue) the trial judge did not place the burden of proof upon plaintiff. This failure to properly instruct constitutes prejudicial error.

There are other errors in the charge which we trust will not reoccur.

New trial.

Judges MORRIS and HEDRICK concur.