MICHAEL REAGAN HINSON v. CHARLES THOMAS PARKER

No. 7314DC17

(Filed 28 March 1973)

Automobiles § 58— left turn at intersection — negligence of plaintiff — directed verdict for plaintiff improper

Even if defendant was negligent in some manner, he was entitled to a directed verdict in an action to recover for damage to personal property where the evidence tended to show that plaintiff was concentrating on a car behind him as he entered an intersection to make a left turn, that his attention was not directed in front of him until he was five or six feet from defendant and that he collided with defendant's vehicle while executing the left turn.

APPEAL by defendant from *Read, District Judge*, 8 May 1972 Civil Session of District Court held in DURHAM County.

Plaintiff instituted this action on 7 September 1971 seeking to recover $750.00 for damage to his automobile sustained in a collision with defendant's vehicle. Defendant answered, denied any negligence on his part, and alleged that negligence on the part of the plaintiff was the sole cause, or one of the contributing causes of the collision and resulting damage. In a counterclaim, defendant asked for recovery of $400.00 for property damage to his vehicle.

The jury answered issues of negligence and contributory negligence in plaintiff's favor and awarded damages in the amount of $700.00. Defendant appeals from entry of judgment on the verdict.

*Winders, Williams, Darsie and Clayton by Charles Darsie for plaintiff appellee.*

*Haywood, Denny & Miller by George W. Miller, Jr., for defendant appellant.*

GRAHAM, Judge.

Defendant assigns as error the denial of his motion for a directed verdict made at the conclusion of plaintiff's evidence and renewed at the end of all the evidence. The assignment of error is well taken.

The collision occurred at a Durham intersection where Guess Road is intersected from the north by Hillcrest Drive and from the south by Clarendon Street. The intersecting streets are offset only slightly and traffic moving along said streets and through the intersection moves in a direct line without having to first turn onto Guess Road. In other words, the three streets form a single intersection. Guess Road is the dominant street and stop signs on both Hillcrest Drive and Clarendon Street control the movement of traffic onto or across Guess Road.

Plaintiff alleged in his original complaint that while he was driving his Datsun automobile in a westerly direction along Guess Road, defendant entered the intersection from Hillcrest Drive without stopping at the stop sign and caused the collision. However, plaintiff's evidence, which consisted of his testimony only, tended to show that the collision occurred when plaintiff made a left turn onto Guess Road from Clarendon Street and drove into the left front quarter panel of defendant's car at a time when both vehicles were in the intersection.

Hinson v. Parker

Plaintiff testified that he approached the intersection proceeding in a northerly direction along Clarendon Street and stopped at the stop sign. He looked in both directions along Guess Road and saw no approaching traffic. He also looked across the intersection and saw no traffic approaching along Hillcrest Drive or stopped at the stop sign on Hillcrest Drive. Plaintiff then proceeded into the intersection and into his turn. He stated that he caught a glimpse of defendant's car out of the corner of his eye when it was five to six feet away. Plaintiff was already making his turn and was unable to stop before striking the front quarter panel of defendant's car with the front of his own. Plaintiff expressed no opinion as to the speed of defendant's car or as to whether it stopped before entering the intersection. He was unable to state where it came from or how it got within five or six feet of him before he saw it. There was nothing to obstruct his vision. A motorist is charged with having seen what he could have seen had he looked. *Dawson v. Jennette,* 278 N.C. 438, 180 S.E. 2d 121.

An explanation as to why plaintiff never saw defendant's automobile until the collision was imminent may be found in his statement that after he left the stop sign he never looked north directly in front of him. He also admitted that two boys had been driving a car right behind him since he pulled out of his driveway a short distance away. He stated that " . . . I do remember that car blowing its horn at me. This was once coming up Clarendon Street and as I had made my turn right about there with my automobile, he also blew the horn." The record reflects the following:

"Q. Your attention was directed back to where that horn came from?

A. That's right.

Q. And then as you then refocused your attention where you were headed you saw the car being driven by Mr. Parker?

A. That's right.

Q. Is that correct?

A. That's correct."

Considering the evidence in the light most favorable to plaintiff, as we must do, we are of the opinion that it fails to

---

---

show any negligent act or omission on the part of defendant as a proximate cause of the collision and resulting damages.

At the conclusion of all the evidence plaintiff was permitted to amend his complaint to allege that defendant was " . . . careless and negligent in that he failed to first see before starting, stopping or turning from a direct line upon a highway that such movement could be made in safety. . . . " Plaintiff argues that in considering defendant's evidence along with his own, a permissible inference arises that defendant entered the intersection without seeing that the movement could be made in safety. Evidence of defendant which is favorable to plaintiff must be considered in determining whether defendant was entitled to a directed verdict. *See Rosser v. Smith,* 260 N.C. 647, 133 S.E. 2d 499. In addition to his own testimony, defendant presented the testimony of the investigating police officer and of an eyewitness. We fail to find any inferences favorable to plaintiff that could be drawn from any of their testimony.

Even if it be conceded that defendant was negligent in some manner, plaintiff was also negligent as a matter of law in failing to keep a proper lookout and in making a left turn without first ascertaining that he could do so in safety.

Reversed.

Judges CAMPBELL and HEDRICK concur.