## U. S. PIPING, INC. v. THE TRAVELERS INDEMNITY COMPANY

### No. 7010DC497

(Filed 21 October 1970)

1. Attorney and Client § 7; Costs § 4— award of attorney's fees

Ordinarily, attorney's fees are not recoverable as an item of damages or part of the costs in litigation.

2. Attorney and Client § 7; Insurance § 105— judgment holder's action against automobile insurer — award of attorney's fees — findings of fact

Trial court improperly awarded attorney's fees to a judgment holder in the latter's action against an automobile liability insurer, where the trial court made no finding that there was an unwarranted refusal by the insurer to pay the claim constituting the basis of the judgment holder's suit against the insured. G.S. 6-21.1.

3. Appeal and Error § 57— findings of fact — review on appeal

Where a jury trial is waived, the court's findings of fact are conclusive if supported by any competent evidence, and a judgment supported by such findings will be affirmed.

APPEAL from Bason, District Judge, May 1970 Session WAKE County District Court.

Plaintiff commenced this action to recover from defendant insurance company the amount of a judgment rendered against Melvin Moore in the sum of $712.00. Plaintiff alleged that the defendant was the insurer of Melvin Moore at the time Moore negligently operated his automobile so as to cause damage to the plaintiff and give rise to the judgment in plaintiff's favor. On June 23, 1966, the defendant issued a policy of liability insurance to Moore for the period June 28, 1966 to June 28, 1967. Moore paid the premium for this period but no premium was paid for any subsequent period. On November 12, 1967, Moore was involved in an automobile accident wherein an automobile belonging to plaintiff was damaged and plaintiff recovered the above-mentioned judgment. Defendant refused to defend the action brought by plaintiff against Moore.

The case was heard before Bason, District Judge, sitting without a jury and he made the following findings of fact, among others:

"(4) That at the time the accident of November 12, 1967, occurred, the accident on which the cause of action is based,

the insured, Melvin Moore, had not received a notice of cancellation, and gave the defendant insurance company's name and policy number with coverage from June 28, 1967, to June 28, 1968, in filing the insurance coverage information required by law of the owner in the event of an accident. SR-1 and SR-21 Forms, filed with the Division of Safety Responsibility of the Department of Motor Vehicles.

"(5)    That the Division of Safety Responsibility of the Department of Motor Vehicles received from Melvin Moore the SR-1 and SR-21 Forms, forwarded the SR-21 Form to the defendant insurance company, but did not receive back from the defendant insurance company the same SR-21 Form with a denial of insurance coverage by the defendant insurance company on the space provided on the back side of the form.

"(6)    That the defendant's Producer of Record never received a renewal of premium letter or letter of cancellation; that he duly sent in the notification of accident to the defendant immediately after November 12, 1967, and did not obtain new coverage for Melvin Moore until February, 1968.

"(7)    That the Safety Responsibility Division of the Department of Motor Vehicles records indicate continuous insurance coverage of Melvin Moore.

"(8)    That the internal records of the defendant insurance company show that cancellation should have been made and an FS-4 Form should have been sent.

"(9)    That the defendant was aware of the controversy concerning coverage, but did not have any record of finding or saving a copy of an actual FS-4 cancellation form.

"(10)    That the defendant did not give the North Carolina Department of Motor Vehicles notification of cancellation by an SR-21 or FS-4 Form effective prior to the 12th day of November, 1967.

"(11)    That Melvin Moore did not pay the premium for any insurance term beyond June 28, 1967."

Upon the above findings of fact, the trial judge concluded as a matter of law that defendant had failed to carry the burden

of showing that coverage provided by an assigned risk policy had been cancelled by the defendant in accordance with the law of North Carolina; and that, therefore, plaintiff is entitled to recover of the defendant the amount of the judgment rendered against Melvin Moore. The trial judge also ordered the defendant to pay $700.00 attorney's fees to the attorneys for the plaintiff as part of the court costs. From the judgment in favor of the plaintiff and the award of attorney's fees, the defendant appealed.

*Bailey, Dixon, Wooten and McDonald by Wright T. Dixon, Jr., and John N. Fountain for plaintiff appellee.*

*Willis Smith, Jr., for defendant appellant.*

CAMPBELL, Judge.

This appeal presents two questions: (1) Was there error in awarding attorney's fees? (2) Was there error in awarding judgment in favor of the plaintiff for $712.00?

[1, 2] Ordinarily, attorney's fees are not recoverable as an item of damages or part of the costs in litigation. *Perkins v. Insurance Co.*, 4 N.C. App. 466, 167 S.E. 2d 93 (1969). The Legislature has enacted an exception to this general rule and allows the trial judge to award attorney's fees in certain situations. G.S. 6-21.1 provides:

> "*Allowance of counsel fees as part of costs in certain cases.* — In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages is two thousand dollars ($2,000.00) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs."

This statute provides for three instances in which attorney's fees may be awarded: A personal injury suit, a property dam-

age suit, or a suit against an insurance company where the insured or beneficiary is the plaintiff. This action is clearly not a personal injury suit, and therefore, to award attorney's fees, one of the two latter categories would have to apply. While this action originally started as a property damage suit, it no longer falls within that category. The suit by plaintiff against Moore in which plaintiff recovered a judgment was a property damage suit. Here plaintiff seeks to hold the defendant liable for the judgment obtained against Moore. This suit is based upon the contract of insurance which Moore had with the defendant and as such is not a property damage suit.

The final category in which attorney's fees may be awarded under the statute is "suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit." In the instant case there was no finding by the trial court "that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit." Where the statute requires that the trial judge make certain findings of fact before making a discretionary ruling, failure to make the required findings negates the effect of the discretionary ruling. *Blake v. Blake,* 6 N.C. App. 410, 170 S.E. 2d 87 (1969) ; *Rogers v. Rogers,* 2 N.C. App. 668, 163 S.E. 2d 645 (1968). Since there was no proper finding by the trial court in the present case to sustain an award of attorney's fees, it is not necessary to decide, and we do not decide in this case, whether plaintiff qualifies as a "beneficiary" within the meaning of the statute.

[3] With regard to the second question presented by this appeal, the trial court found sufficient facts to support the award of a judgment against the defendant in the amount of $712.00. Where a jury trial is waived, the court's findings of fact are conclusive if supported by any competent evidence, and a judgment supported by such findings will be affirmed. 1 Strong, N.C. Index 2d, Appeal and Error, § 57, p. 223; *Industrial Center v. Liability Co.,* 271 N.C. 158, 155 S.E. 2d 501 (1967). We have examined the record and are of the opinion that the evidence is sufficient to support the findings of fact and that the findings of fact support the conclusions of law.

For the reasons stated above the judgment of the trial

court is reversed insofar as it awards attorney's fees in the present action and is affirmed insofar as it awards judgment in favor of the plaintiff in the amount of $712.00, plus interest and costs as rendered in previous action.

Reversed in part.

Affirmed in part.

Judges BRITT and VAUGHN concur.