THOMAS E. BLACKWELL v. HENRY T. BUTTS, GUARDIAN AD LITEM
OF LARRY WAYNE BUTTS

No. 71

(Filed 12 May 1971)

**1. Rules of Civil Procedure § 41— nonjury trial — motion to dismiss**

Contention by defendant in a nonjury trial that plaintiff upon
the facts and the law has shown no right to relief should be presented
by a motion to dismiss on that ground. G.S. 1A-1, Rule 41(b).

**2. Rules of Civil Procedure § 52— nonjury trial — judgment — conclusions
. of law — answering of issues**

Trial judge in a nonjury trial should have stated separately
his conclusions of law instead of merely answering issues of negli-
gence and contributory negligence after making findings of fact.
G.S. 1A-1, Rule 52(a)(1).

**3. Rules of Civil Procedure § 52; Trial § 58— nonjury trial — appellate
review**

When a jury trial is waived, the court's findings of fact have the
force and effect of a verdict by a jury and are conclusive on appeal
if there is evidence to support them, even though the evidence might
sustain findings to the contrary.

**4. Rules of Civil Procedure § 41— motion to dismiss — contributory neg-
ligence**

A motion to dismiss on the ground the evidence discloses con-
tributory negligence as a matter of law should be granted when, and
only when, the undisputed evidence, taken in the light most favorable
to plaintiff, establishes plaintiff's contributory negligence so clearly
that no other reasonable inference or conclusion may be drawn there-
from.

**5. Automobiles § 59— vehicle struck after entering highway from private
driveway — negligence and contributory negligence**

In this action to recover for damages to plaintiff's automobile
when struck by defendant's vehicle after entering the highway from
a private driveway, heard by the court without a jury, the evidence
was insufficient to establish that plaintiff's driver was contributorily
negligent as a matter of law and was sufficient to support the court's
finding that the sole proximate cause of the collision was the negli-
gence of defendant in failing to keep a proper lookout and in failing
to keep his vehicle under proper control.

APPEAL by plaintiff from the Court of Appeals.

The Court of Appeals, by a two to one decision of the hear-
ing panel, reversed the judgment entered in favor of plaintiff
by *Long, J.,* at April 1970 Civil Session of ROCKINGHAM Superior

Court. One member of the panel having dissented, plaintiff's appeal is of right under G.S. 7A-30 (2).

Plaintiff instituted this action December 14, 1967, in the Reidsville Recorder's Court, to recover $1,360.00 for the damage to his 1965 Ford Mustang when struck by the 1959 Chevrolet owned by Henry T. Butts.

The collision occurred in Caswell County, North Carolina, on North Carolina Highway No. 150, on June 23, 1967, at approximately 2:50 p.m. The paved portion of this two-lane highway was approximately twenty-two feet wide. The weather was clear and the highway was dry. When the collision occurred, the Ford was being operated, with plaintiff's knowledge and consent, by his wife, Betty Mimms Blackwell, and the Chevrolet was being operated by Larry Wayne Butts, defendant herein, the nineteen-year-old son of the owner.

Plaintiff alleged the collision and resulting damage to his car were caused by the negligence of defendant. Defendant denied negligence; pleaded Mrs. Blackwell's negligence was the sole or a contributing cause of the collision; alleged Mrs. Blackwell was operating the Ford as plaintiff's agent; and, notwithstanding the admission in the answer that Henry T. Butts was the owner, defendant alleged he was entitled to recover from plaintiff by way of counterclaim the sum of $550.00 on account of damage to the Chevrolet.

The action was first tried in the Reidsville Recorder's Court and upon appeal was tried *de novo* in the superior court. In the superior court, the parties waived a jury trial and stipulated, *inter alia,* "(t)hat if the Court awards a verdict to the plaintiff for damages to the automobile, the amount to be awarded will be for $1,360.00."

In addition to the undisputed facts stated above, the court made the factual findings quoted below. (Note: The court's findings in respect of directions are based on the erroneous assumption that N. C. Highway No. 150 in the vicinity of the collision runs north-south rather than east-west as disclosed by the evidence and by the agreed statement of case on appeal. The correct directions, substituted for those in the court's findings, are shown in parentheses.)

---

Blackwell v. Butts

---

"3. That, immediately preceding the accident complained of, the plaintiff's Mustang automobile was parked in a private drive on the (south) side of N.C. Highway 150 preparing to enter N.C. Highway #150; that approximately 200 feet (east) of the drive, N.C. Highway 150 curved sharply in a (southeasterly) direction;

"4. That while the plaintiff's wife was stopped preparing to enter N.C. Highway #150, she looked both to the (west) and then to the (east) and, ascertaining that there were no approaching vehicles to be seen, she started off in first gear, then made a left turn onto the highway, proceeding in the (westbound) lane, and thereafter shifted into second gear and obtained a speed of approximately 20 miles per hour in a (westerly) direction down N.C. Highway 150;

"5. That, at or about the same time that the plaintiff's motor vehicle entered N.C. Highway #150 from a private drive, the . . . motor vehicle operated by the defendant Larry Wayne Butts rounded the sharp curve in N.C. Highway #150 and thereafter proceeded (west) in the (west) lane of travel and crashed into the rear of the plaintiff's vehicle and knocked the plaintiff's vehicle down the roadway and into a ditch along the (north) side of said highway causing the plaintiff's motor vehicle to overturn and the damages as alleged in the Complaint;

"6. That the sole proximate cause of the collision complained of and the damages to the plaintiff's automobile was the negligence of the defendant in failing to keep a proper lookout and in failing to keep his Chevrolet automobile under proper control; and, further, the Court finds that the plaintiff is entitled to a Judgment for the damages to the plaintiff's automobile."

The court then stated the issues for determination, namely, negligence, contributory negligence and damages, and answered the negligence issue, "Yes," the contributory negligence issue, "No," and the issue as to damages "$1,360.00." Thereupon, the court entered judgment in plaintiff's favor for $1,360.00 and costs.

Defendant excepted to the judgment (Exception #2) and appealed. At the end of Paragraph 6 of the court's findings of fact, which is also at the end of all of the court's findings of fact, there appears without further explanation the following:

"Exception #1." Based on "Exception #1," defendant's appeal entries assert "there was not sufficient evidence from which the Court could find as a fact that the defendant was guilty of any negligence and that the evidence overwhelmingly showed that the plaintiff was guilty of negligence as a matter of law."

In the Court of Appeals, the majority opinion, in accordance with defendant's brief, considered that "Exception #1" was directed solely to Finding of Fact #6 and held that the evidence did not support a finding "(t)hat the sole proximate cause of the collision complained of and the damages to the plaintiff's automobile was the negligence of the defendant in failing to keep a proper lookout and in failing to keep his Chevrolet automobile under proper control."

*McMichael, Griffin & Post, by Albert J. Post and W. Edward Deaton, for plaintiff appellant.*

*Bethea, Robinson & Moore, by Norwood E. Robinson, for defendant appellee.*

BOBBITT, Chief Justice.

[1] The trial was by the court without a jury. A contention by defendant that plaintiff upon the facts and the law had shown no right to relief should have been presented by a motion to dismiss on that ground. Rule 41(b) of the Rules of Civil Procedure (G.S. 1A-1). The record does not show defendant made a motion to dismiss.

In reversing on the ground there was insufficient evidence to support the factual elements in Finding of Fact #6, the Court of Appeals held in effect that upon the facts and the law plaintiff had shown no right to relief and that plaintiff's action should have been dismissed on that ground. This was comparable to the ground for entering a judgment of involuntary nonsuit under the former procedure.

Rule 52(a)(1) provides: "In all actions tried upon the facts without a jury . . . , the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment."

[2] Instead of *stating* separately his conclusions of law, the trial judge answered issues of negligence and contributory neg-

ligence. Although we do not approve this variation from the procedure prescribed by Rule 52(a)(1), we treat the court's answers to these issues as the equivalent of stated conclusions of law (1) that plaintiff's Ford was damaged by the negligence of defendant, and (2) that plaintiff did not by his own negligence contribute to his own damage.

[3] When a jury trial is waived, the court's findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary. *Knutton v. Cofield*, 273 N.C. 355, 359, 160 S.E. 2d 29, 33, and cases cited. There is no difference in this respect in the trial of an action upon the facts without a jury under Rule 52(a)(1) and a trial upon waiver of jury trial under former G.S. 1-185. Findings of fact made by the court which resolve conflicts in the evidence are binding on appellate courts.

The greater portion of the evidence has been quoted in the majority opinion of the Court of Appeals. Repetition in detail is unnecessary.

According to Mrs. Blackwell: She had stopped at the edge of Highway No. 150. Immediately before driving onto the highway, she looked to her right and saw no approaching vehicle. Although unsure as to the exact distance, she "guessed" she could see "about 200 feet." Before the Blackwell Ford was struck by the Chevrolet operated by defendant, Mrs. Blackwell had entered upon the highway, turned obliquely to her left, shifted into second gear, got fully in the lane for westbound traffic and was proceeding in that (her right) lane at a speed of "about 15 to 20 miles per hour." The Blackwell car had traveled "about 50 feet" from the time Mrs. Blackwell started out until struck by the Chevrolet. Mrs. Blackwell "did not hear a horn blow, nor did (she) hear tires squeal."

According to defendant: When he first saw the Blackwell car, it was stopped at the end of the driveway, the bumper being "about even with the pavement." It was then "about 300 feet" from him. His speed was from fifty to fifty-five miles per hour. About the time he saw the Blackwell car, Mrs. Blackwell started to pull out. At that time he blew his horn and applied his brakes enough to break the speed but not enough to slide the wheels. The Blackwell car "kept coming out in the highway"

and defendant "kept on blowing (his) horn." The right front of his car struck the left rear of the Blackwell car. When this occurred, the Blackwell car "was in the middle of the road in an angle."

If the actual impact between the Chevrolet operated by defendant and the Blackwell car occurred "on the left side of the center of the road," as defendant testified, it may be there was insufficient time for defendant to stop between the first observable movement of the Blackwell car into Highway No. 150 and the collision. On the other hand, if the actual impact occurred when the Blackwell car was fully in the right lane for westbound traffic and was proceeding therein, as Mrs. Blackwell testified, there was evidence which, when considered in the light most favorable to plaintiff, was sufficient to support findings that defendant, if he had exercised due care to keep a proper lookout and to keep the Chevrolet under proper control, saw or by the exercise of due care should have seen the Blackwell car as it entered and crossed Highway No. 150 and that, by the exercise of due care, defendant could have brought the Chevrolet under control by applying the brakes with greater vigor or by swerving the Chevrolet to his left or both.

The record contains a stipulation that "(t)he accident report prepared by the investigating Highway Patrolman . . . is admitted into evidence for the purpose of tending to show what the officer would testify to if he were in Court with the exception that the entry as to the speed would not be competent." It appears from the diagram on this accident report that the Blackwell car was entirely on its right side of the road when struck by the Chevrolet operated by defendant.

The court resolved the conflict in the evidence as to where the impact occurred in plaintiff's favor in Finding of Fact #4.

It appears from the accident report that no tire impressions were made by the Blackwell car or by the Chevrolet prior to the impact; that the Chevrolet traveled a distance of 108 feet and the Ford a distance of 71 feet; and that the Ford had been knocked across a ditch to its right and had overturned. Mrs. Blackwell testified the Ford, after turning over twice, landed on its top in a yard on its right side of the road.

No eastbound traffic was involved in any way.

[4] Comparable to the well established and oft-stated rule under the former practice, a motion to dismiss on the ground the evidence discloses contributory negligence *as a matter of law* should be granted when, and only when, the undisputed evidence, taken in the light most favorable to plaintiff, establishes plaintiff's contributory negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom.

[5] Admittedly, there was evidence which would have supported a finding that negligence on the part of Mrs. Blackwell was a contributing proximate cause of the collision and the damage to plaintiff's car. However, the evidence was insufficient to establish that Mrs. Blackwell was contributorily negligent *as a matter of law*. This is not the only reasonable inference or conclusion that may be drawn from the evidence. Having started across the highway when she could see no traffic approaching from her right, due care may have required that she proceed forthwith into the lane for westbound traffic rather than hesitate and create uncertainty as to her intention. A portion of the Blackwell car entered the lane for westbound traffic when Mrs. Blackwell had traveled approximately eleven feet.

In weighing defendant's testimony, the court may have considered that defendant's credibility was somewhat impaired by the admission that, although only nineteen years of age, he had "been involved in three or four accidents," had traffic violations consisting of one for reckless driving, three for speeding, and one for driving on the wrong side of the road, and had "lost (his) license one time." Whether the court accepted as credible the testimony that defendant "kept on blowing (his) horn" as he approached the scene of collision does not appear. If so, the court might well have considered that defendant, if he saw what he should have seen, chose to rely more heavily upon his horn than upon his brakes.

The Court of Appeals relied largely on our decisions in *Garner v. Pittman,* 237 N.C. 328, 75 S.E. 2d 111 (1953), and *Warren v. Lewis,* 273 N.C. 457, 160 S.E. 2d 305 (1968). On account of substantial factual differences, these cases do not control decision in the present case.

In Garner, the plaintiff was a passenger in the car owned and operated by defendant Pittman. The Pittman car entered

Market Street in Smithfield from the north over a private driveway at a warehouse, intending to cross to the south portion of the street and drive thereon in the lane for eastbound traffic. The Pittman car was struck by the car of the defendant Sipe which had traveled from the bridge over Neuse River in the lane for eastbound traffic. In holding the evidence disclosed the negligence of Pittman was the sole proximate cause (Note: The uncontradicted evidence is that Pittman admitted "it was all (his) fault"), Justice (later Chief Justice) Winborne, for the Court, said: "All the evidence shows that the view from the entrance to the private road or drive to the river bridge, the direction from which the automobile of defendant Sipe was approaching, was unobstructed for a distance of 200 to 300 feet. Yet defendant Pittman stated to defendant Sipe at the time, and testified on the witness stand that he did not see the Sipe automobile until the moment of impact. Plaintiff saw it when it was 100 feet away." 237 N.C. at 335, 75 S.E. 2d at 117. The width of Market Street in front of the warehouse was variously estimated as from forty to sixty feet. The Pittman car was only partially in the lane for eastbound traffic when the collision occurred. The Sipe car struck the right side of the Pittman car.

In Warren, the plaintiff attempted to enter the main highway (Shattalon Drive) from the north over a private road, intending to turn east on Shattalon. A white line separated the lanes for eastbound and westbound traffic. The defendant, driving his Dodge eastward, crashed into the rear of the plaintiff's Chevrolet before the plaintiff completed his intended movement. Judgment of involuntary nonsuit was affirmed on the ground that the plaintiff's evidence disclosed contributory negligence as a matter of law. The opinion of Justice Higgins for this Court states: "His (plaintiff's) view from the intersection to his right was unobstructed to the top of a hill 400 to 600 feet west of the intersection. An automobile could be seen an additional 50 feet beyond the crest. In clear weather, and in broad daylight, he entered the main highway, without discovering the vehicle approaching from the west. The physical evidence indicated the plaintiff had moved only a distance of approximately 16 feet—6 to and 10 across the north lane before the collision. The plaintiff testified he never saw the defendant's Dodge before this ' . . . his third wreck.'" 273 N.C. at 460, 160 S.E. 2d at 307.

Underwood v. Board of Alcoholic Control

[5]   We think the evidence was sufficient to support Finding of Fact #6 and the judgment entered by the trial judge. Hence, the decision of the Court of Appeals is reversed and the cause is remanded to that Court for entry of a judgment affirming the judgment entered in the superior court.

Error and remanded.