GEORGE W. DAVIS, ADMINISTRATOR OF THE ESTATE OF ALICE BURTON DAVIS v. WILLIAM L. IMES

No. 7219SC116

(Filed 23 February 1972)

**1. Automobiles § 8— duty to maintain proper lookout**

It is the duty of one proceeding along a public highway to maintain a proper lookout and to exercise due care to avoid colliding with vehicles entering the highway from private premises.

**2. Automobile §§ 17, 30— violation of safety statutes — negligence**

The violation of statutes relating to speed restrictions, driving on the right side of the road and meeting other vehicles constitutes negligence. G.S. 20-141; G.S. 20-146; G.S. 20-148.

**3. Automobiles § 18— entering highway from private driveway — right-of-way**

A motorist entering a public highway from a private driveway has the duty to yield the right-of-way to all vehicles approaching on the public highway. G.S. 20-156(a).

**4. Automobiles § 74— entering highway from private driveway — contributory negligence**

Plaintiff's evidence did not disclose that his intestate was contributorily negligent as a matter of law in entering the highway from a private driveway, where it tended to show that plaintiff's intestate had completed her entry into the highway and had proceeded 25 to 30 feet in her right-hand lane of the highway when she was struck by defendant's oncoming vehicle which was across the center line and traveling at 80 mph.

**5. Automobiles § 46— opinion testimony as to speed — opportunity for observation**

The trial court did not err in allowing a witness to give his opinion that the speed of defendant's vehicle was "about seventy" prior to the collision, notwithstanding the witness testified he did not have a chance to observe "the automobiles for any length of time," where he testified that he observed defendant's automobile as it went by the end of a driveway and watched it collide with the other vehicle, and there was other evidence that the distance from the driveway to the point of collision was 200 feet or more.

**6. Automobiles § 90— instructions — entering highway from private driveway — duties of motorists**

The trial court's instructions on the respective duties of a motorist entering a public highway from a private driveway and of a motorist traveling on the public highway were confusing and erroneous. G.S. 20-156(a).

**7. Death § 7— wrongful death — damages — instructions — "mortuary value"**

Instruction that the jury in a wrongful death action could consider "the mortuary value of deceased" in determining damages, without further explanation as to the meaning of those words, was erroneous.

**8. Death § 7— wrongful death — damages — instructions — car owned by decedent's husband**

Instructions that the "car" could be considered on the issue of damages in a wrongful death action was erroneous where the automobile driven by plaintiff's intestate was alleged to have been owned by her husband.

APPEAL by defendant from *Olive, Judge,* July 1971 Civil Session of Superior Court held in ROWAN County.

Civil action instituted to recover damages for the wrongful death of the plaintiff's intestate resulting from an automobile accident on 20 May 1969. The plaintiff's intestate, Mrs. Davis, received fatal injuries when she attempted to enter a rural paved road from a private driveway and her automobile collided with an automobile driven by the defendant. This action, wherein it was alleged defendant was negligent, was instituted on 3 August 1970. Defendant, in his "Answer and Counterclaim" filed 23 October 1970, denied negligence on his part and alleged the negligence of the plaintiff's intestate as a bar to any recovery. The case was tried by jury on 12 and 13 July 1971 and resulted in the following verdict and judgment for the plaintiff:

Davis v. Imes

"This cause coming on to be heard and being heard before His Honor, Hubert E. Olive, and a jury, at the July 12, 1971 Session of the Superior Court for Rowan County, North Carolina, and the jury having answered the issues submitted to it as follows:

1. Was the death of the plaintiff's intestate, Alice Burton Davis, caused by the negligence of the defendant as alleged in the complaint?

ANSWER: Yes

2. If so, did the plaintiff's intestate by her own negligence contribute to the cause of her death as alleged in the answer?

ANSWER: No

3. What amount, if any, is the plaintiff entitled to recover?

ANSWER: $20,000.00

4. Was the defendant injured by the negligence of plaintiff's intestate as alleged in the defendant's counterclaim?

ANSWER: _____

5. What amount, if any, is the defendant entitled to recover?

ANSWER: _____

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the plaintiff have and recover from the defendant the sum of Twenty Thousand ($20,000.00) Dollars, together with the costs of this action to be taxed against the defendant.

This the 13th day of July, 1971.

/s/ Hubert E. Olive
JUDGE PRESIDING"

Defendant's motions for directed verdict, judgment notwithstanding the verdict and for a new trial were denied, and from the entry of the judgment, defendant appealed to the Court of Appeals.

*Woodson, Hudson, Busby & Sayers by Donald D. Sayers for plaintiff appellee.*

*Kluttz & Hamlin by Lewis P. Hamlin, Jr., for defendant appellant.*

MALLARD, Chief Judge.

The defendant's first contention is that the trial court erred in failing to direct a verdict or enter judgment notwithstanding the verdict for defendant, on the ground that plaintiff's intestate was guilty of contributory negligence as a matter of law. This contention is without merit.

> "Since the burden of proof on the issue of contributory negligence is upon the defendants, a motion for judgment of involuntary nonsuit upon that ground should be allowed only when the plaintiff's evidence, considered alone and taken in the light most favorable to him, together with all inferences favorable to him which may reasonably be drawn therefrom, so clearly establishes the defense that no other conclusion can reasonably be drawn. *Cowan v. Transfer Co.*, 262 N.C. 550, 138 S.E. 2d 228; *Waters v. Harris*, 250 N.C. 701, 110 S.E. 2d 283; *Johnson v. Thompson*, 250 N.C. 665, 110 S.E. 2d 306; *Morrisette v. Boone Co.*, 235 N.C. 162, 69 S.E. 2d 239; Strong's N. C. Index, Negligence, § 26, and cases there cited." *Raper v. Byrum*, 265 N.C. 269, 144 S.E. 2d 38 (1965).

In the case before us, the evidence for the plaintiff tended to show the following: Mrs. Davis, a woman of 72 years of age, died as a result of injuries received in an accident which occurred at the intersection of a private driveway and Needmore Road, a sixteen-foot-wide rural paved road (No. 1984) in Rowan County. Plaintiff's witness Hubert Kyles testified that he saw Mrs. Davis approach the end of the driveway and stop, look in both directions, pull out into Needmore Road and proceed in an easterly direction. He also testified that he heard the defendant Imes' automobile approaching in the distance, its engine making a "very highpitched" noise, and observed it traveling west on Needmore Road for a distance of approximately 200 feet until it collided "almost head-on" with Mrs. Davis' automobile, which had by then completed its entry into her right-hand lane of Needmore Road and had proceeded east 25 or 30

feet to the point of the collision. It was Kyles' opinion that the
speed of the defendant's automobile at the time he observed it
was 80 miles per hour. Another witness, Donald Kyles, testi-
fied that he too had observed the accident, had seen and heard
the defendant's automobile prior to the collision, and had
formed the opinion that its speed was "about seventy." The plain-
tiff's evidence indicated that Mrs. Davis was in her own lane
of travel; that is, the south lane proceeding east, and that the
Imes vehicle had crossed the center point of the road; that is,
had crossed from the north lane into the south lane proceeding
west, when the collision occurred, and that there were no skid
marks at or near the point of collision.

In his complaint, the plaintiff alleged that the defendant
was negligent in that:

"(a) He operated an automobile upon a highway
carelessly and heedlessly in willful and wanton disregard of
the rights and safety of others and without due caution
and circumspection and at a speed and in a manner so as to
endanger or be likely to endanger persons and property, in
violation of G.S. § 20-140.

(b) He operated an automobile upon a public highway
at a speed greater than was reasonable and prudent under
the conditions then existing in violation of G.S. § 20-141 (a).

(c) He operated an automobile upon a public highway
at a rate of speed in excess of 55 miles per hour, in violation
of G.S. § 20-141 (b).

(d) He failed to reduce speed when approaching and
going around a curve.

(e) He failed to reduce speed when approaching a hill-
crest.

(f) In that upon a highway of sufficient width, he
failed to drive the automobile upon the right half of the
highway and as closely as possible to the right-hand edge
or curb thereof, in violation of G.S. § 20-146.

(g) In that when approaching an automobile proceed-
ing in the opposite direction he failed to pass to the right
of the plaintiff's intestate's automobile and failed to give
to the plaintiff's intestate at least one-half of the main-

traveled portion of the roadway, in violation of G.S. § 20-148.

(h) He drove on the public highways without keeping a proper lookout, without paying proper attention to his driving and without keeping the vehicle which he was driving under proper control."

In his answer, the defendant alleged that the plaintiff's intestate was contributorily negligent in that:

"(a) In emerging from a private driveway, she failed to yield the right of way to traffic on the main traveled highway, including this defendant.

(b) She failed to keep a proper lookout and failed to keep her vehicle under proper control.

(c) She drove her vehicle into the highway carelessly and heedlessly in willful and wanton disregard of the rights and safety of others.

(d) She drove her vehicle on the highway without due caution and circumspection and at a speed and in a manner so as to endanger or be likely to endanger, persons and property."

Defendant also alleged the same acts of negligence on the part of the plaintiff's intestate as the basis for his counterclaim. In reply to this counterclaim, the plaintiff denied negligence and alleged contributory negligence of the defendant as a defense.

[1] It is the duty of one proceeding along a public highway to maintain a proper lookout and to exercise due care to avoid colliding with vehicles entering the highway from private premises. 60A C.J.S., Motor Vehicles, § 347. *Garner v. Pittman,* 237 N.C. 328, 75 S.E. 2d 111 (1953).

[2] The violation of G.S. 20-141, G.S. 20-146 or G.S. 20-148, relating to speed restrictions, driving on the right side of the road and meeting other vehicles, constitutes negligence (although such negligence is not actionable unless it is the proximate cause of the injuries complained of). See *Lassiter v. Williams,* 272 N.C. 473, 158 S.E. 2d 593 (1968); *Reeves v. Hill,* 272 N.C. 352, 158 S.E. 2d 529 (1968); *Smart v. Fox,* 268 N.C. 284, 150

S.E. 2d 403 (1966); *Anderson v. Webb,* 267 N.C. 745, 148 S.E. 2d 846 (1966); *Raper v. Byrum, supra.*

[3] On the other hand, G.S. 20-156(a) requires that "the driver of a vehicle entering a public highway from a private road or drive shall yield the right-of-way to all vehicles approaching on such public highway." Furthermore, "(i)n order to comply with this statute, a driver entering a public highway from a private drive is required to look for vehicles approaching on such highway, to look at a time when the precaution may be effective, to yield the right-of-way to vehicles traveling on the highway, and to defer entry until the movement may be made in safety. *Gantt v. Hobson,* 240 N.C. 426, 82 S.E. 2d 384; *Garner v. Pittman,* 237 N.C. 328, 75 S.E. 2d 111." *Equipment Co. v. Hertz Corp.* and *Contractors, Inc. v. Hertz Corp.,* 256 N.C. 277, 123 S.E. 2d 802 (1962). See also, *Smith v. Nunn,* 257 N.C. 108, 125 S.E. 2d 351 (1962); 60A C.J.S., Motor Vehicles, § 345.

[4] The defendant appellant contends, however, that we should find from a review of the evidence in the present case that the plaintiff's intestate was contributorily negligent as a matter of law, apparently because she had an "unqualified duty to yield to traffic on the public highway." We do not agree. The evidence, viewed in the light most favorable to the plaintiff, tends to show that Mrs. Davis exercised due care before entering the paved road and had attained her own lane of proposed travel before being struck by the defendant. The plaintiff's evidence also showed that, looking eastward from the private drive, in the direction from which the defendant was approaching, Mrs. Davis had an unobstructed view of the road for about 100 feet and a partially obstructed view for another 25 to 50 feet beyond. If, as an eyewitness to the accident testified, the defendant was driving his vehicle at 80 miles per hour just prior to the collision, he would have covered the portion of the road visible to Mrs. Davis east from the private driveway in just slightly over one second.

In his brief the appellant relies upon the cases of *Blackwell v. Butts,* 10 N.C. App. 347, 178 S.E. 2d 644 (1971), and *Garner v. Pittman, supra. Blackwell* was reversed by the Supreme Court in 278 N.C. 615, 180 S.E. 2d 835 (1971).

In *Blackwell,* the Supreme Court also distinguished *Garner v. Pittman, supra,* (relied upon by the defendant in the present

Davis v. Imes

case) and the case of *Warren v. Lewis,* 273 N.C. 457, 160 S.E. 2d 305 (1968), and we believe that the distinctions drawn are appropriate to the present case as well. In *Garner,* it appeared that the vehicle containing the plaintiff was entering a street from forty to sixty feet wide, that the driver had an unobstructed view of the dominant highway for 200 to 300 feet, that the speed of the defendant's automobile was only fifty miles per hour, reduced to 30 or 35 miles per hour before the collision, and that it struck the emerging automobile in the side, before it had attained its proper lane of travel. In *Warren,* it appeared that the plaintiff had an unobstructed view in the direction from which the defendant's automobile was approaching for 400 to 600 feet, plus an additional 50 feet beyond the crest of a hill, had moved into the intersection for a distance of only sixteen feet and never saw the defendant's vehicle until the moment of collision. In both of these cases, the driver emerging from the private road or driveway into the public highway was held to have been contributorily negligent as a matter of law for failing to yield the right-of-way to oncoming traffic.

We do not think that these and other cases wherein the user of the private driveway or servient highway had the opportunity to observe approaching vehicles and failed to do so, and where the evidence did not tend to show that the respective defendants were so grossly in violation of the traffic laws, are applicable to the facts in the case before us, nor do we think that it was error for Judge Olive to allow the case to go to the jury and to deny defendant's motion for judgment notwithstanding the verdict.

[5] Defendant also contends that the court committed error in permitting the witness Donald Kyles (Donald) to give his opinion that the speed of the defendant's vehicle was "about seventy" just prior to the collision. Although Donald testified that he did not have a chance to witness "the automobiles for any length of time," he did testify that he saw the Imes automobile as it went by the end of the driveway and turned and watched it collide with the Davis automobile. There was other evidence that from the end of the driveway to the point where the cars collided was two hundred feet or more. The court did not commit error in permitting Donald to give his opinion as to the speed of the defendant's vehicle. See *Loomis v. Torrence,* 259 N.C. 381, 130 S.E. 2d 540 (1963).

[6] Defendant assigns as error the following portions of the instructions given by the judge to the jury:

"Now, the law in this State, Statute Law, as enacted by the Legislature is, that a person entering a highway, a road, from a private driveway shall yield the right of way to traffic on the highway, and not proceed into the road until that person can see from what they can see would be in safety. On the other hand, the operator of an automobile on this highway, road, can presume up until he can see different that a person from a driveway will not come out of the driveway into the path of the oncoming automobile; but said operator must keep a lookout and see what he can see and when he is in a position to see, then he must proceed lawfully or stop . . . . "

In the foregoing portion of the charge, the judge undertook to declare and explain the law with respect to the duties of the plaintiff and the defendant under G.S. 20-156(a). We think that the jury must have been confused about how to consider the evidence and the meaning of the words "and not proceed into the road until that person can see from what they can see would be in safety," and "can presume up until he can see different" and "but said operator must keep a lookout and see what he can see and when he is in a position to see, then he must proceed lawfully or stop." Sometimes mistakes are made in the transcribing of the charge, but we are bound by the record. We hold that this portion of the charge was error in view of the principles set forth in *Blackwell v. Butts*, 278 N.C. 615, 180 S.E. 2d 835 (1971); *Day v. Davis*, 268 N.C. 643, 151 S.E. 2d 556 (1966); *Equipment Co. v. Hertz Corp.* and *Contractors, Inc. v. Hertz Corp., supra; King v. Powell*, 252 N.C. 506, 114 S.E. 2d 265 (1960); *Gantt v. Hobson, supra; Blalock v. Hart*, 239 N.C. 475, 80 S.E. 2d 373 (1954) and *Garner v. Pittman, supra*. See also, 60A C.J.S., Motor Vehicles, § 345.

The defendant also assigns as error the charge given as to the measure of damages on the third issue, which reads as follows:

"Now, the measure of damages on this issue if you come to it, ladies and gentlemen of the jury, is that where one is injured resulting in the death of the one injured by the actionable negligence of another, the personal representa-

tive of the deceased is entitled to recover as damages one compensation in a lump sum as would be a reasonable compensation for all loss approximately (sic) resulting from the defendant's wrongful and negligent act. These are understood to embrace indemnity for actual expenses incurred, *car* (sic), treatment, hospitalization, compensation for pain and suffering, and funeral expenses, incident to the injury and resulting death, as well as the *mortuary value of the deceased* to husband and children. *(Reads Statute)*. It is for you, the jury, to say from all the circumstances what you find from the evidence and by its greater weight is a fair and reasonable sum which the defendant should pay the plaintiff by way of compensation for the alleged injury and death sustained. (Emphasis added.)

\*        \*        \*

Now, ladies and gentlemen of the jury, the Court instructs you as a matter of law that if you come to this third issue if you are satisfied from the evidence and by its greater weight that the Plaintiff's decedent Mrs. Davis was injured, which injury resulted in her death, you would answer this issue in whatever amount you are satisfied from the evidence and by its greater weight according to the definition the Court has given you as to income and so forth. \* \* \* "

[7, 8] This charge is deficient in several respects, among which are: we are not told what statute the judge read. (This was apparently an omission of the court reporter.) No explanation appears as to what was meant by "mortuary value of the deceased" and the jury was therefore left to guess. The automobile driven by plaintiff's intestate was alleged to have been owned by her husband, and though there was no evidence as to its value, the jurors were instructed that the "car" could be considered in some manner in determining the answer to the third issue. (The experienced trial judge who tried this case may have used the word "care," but the appellee stipulated that what was filed in this court was the record. On this record the word is "car.")

Defendant has other assignments of error, some of which may have merit, but since they are not likely to recur on a new trial, we do not deem it necessary to discuss them.

---

For the reasons given, the verdict and judgment are vacated and a new trial is ordered.

New trial.

Judges MORRIS and PARKER concur.