DR. TERRY O. BOWMAN v. WILLIAM A. HILL; JAY W. TERRELL AND WIFE, SHIRLEY H. TERRELL

No. 7922SC357

(Filed 5 February 1980)

**Contracts § 27.1— agreement to construct parking lot—no binding obligation created**

Where defendants sold to plaintiff an office building which adjoined a vacant lot belonging to them, an agreement for the development of the adjoining land which was entered into on the same day as the conveyance of the office building and which provided for the construction of a joint parking lot merely expressed a wish or request and in no way created an obligation for defendants to develop their property in any way at any time.

APPEAL by defendants from *Hairston, Judge.* Judgment entered 5 January 1979 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 28 November 1979.

On 1 August 1974, defendants sold and conveyed to plaintiff a parcel of land on Anderson Street in the Town of Denton. A building which plaintiff had previously constructed for use as his professional office was located on the land. The front of the office building faced north—toward vacant land owned by defendants. One side of the building ran along Anderson Street.

On the date of conveyance the parties entered into a purported agreement for the development of the adjoining land providing *inter alia* as follows:

> . . . whereas the parties of the second part [defendants] desire to construct a building adjacent to the building of the party of the first part [plaintiff] at some future time; and WHEREAS, all of the parties are desirous of having one large inter-connecting parking lot located in front of the buildings and sidewalks connecting to said parking lots;

> WITNESSETH:

> That for the mutual considerations expressed hereinabove, the parties do contract as follows:

> 1. Upon completion of the paving of the parking lot of the parties of the second part [defendants] and at their re-

quest, the party of the first part [plaintiff] hereby agrees to construct a parking area of the same material . . . .

Defendants' land remained vacant and undeveloped from the time the agreement was made on 1 August 1974 until 4 February 1977. On that date, defendants conveyed their land to Harp and Dockham who constructed an office building facing Anderson Street and lying approximately fifty-seven feet north of plaintiff's office. The building was located where plaintiff had contemplated the parties' parking lot would be placed.

Plaintiff sued for breach of contract and fraud. Judgment was entered 5 January 1979 granting plaintiff damages. From that judgment, defendants appealed.

*Brinkley, Walser, McGirt, Miller & Smith, by Gaither S. Walser, for plaintiff appellee.*

*Grubb, Penry & Penry, by Robert L. Grubb, for defendant appellant.*

HILL, Judge.

Defendant assigns as error the lower court's judgment that defendants were obligated to plaintiff under the terms of the written agreement. We find that the court was in error.

> Where the language of a contract is plain and unambiguous the construction of the agreement is a matter of law for the court, and a *patent defect* [emphasis added] or omission cannot be cured by matters outside the instrument.

> . . . [T]he court may not, under the guise of construction, ignore or delete any of its provisions, nor insert words into it, but must construe the instrument as written . . . . 3 Strong's N.C. Index 3d, Contracts § 12.1, pp. 391-2.

One of the elements of a valid contract is a promise, which has been defined as an assurance that a thing will or will not be done. "The mere expression of an intention or desire is not a promise, however . . . ." 17 Am. Jur. 2d, Contracts § 2, p. 334.

> An apparent promise which, according to its terms, makes performance optional with the promisor no matter what may happen, or no matter what course of conduct in other

respects he may pursue, is in fact no promise. Such an expression is often called an illusory promise. Williston, Contracts § 1A (3d ed. 1957).

When we give the ordinary and usual meaning to the words of the contract — desire and desirous — it is apparent that they express a wish or request. Certainly, they do not carry the thrust of a promise to do or refrain from doing anything with regard to the remaining property. There is no expressed obligation to develop the property at anytime.

In the case of *Jones v. Realty Co.*, 226 N.C. 303, 37 S.E. 2d 906 (1946), the plaintiff sued to recover a sales commission for procuring a purchaser who was ready, willing, and able to buy land on terms set out in an agreement. The trial court interpreted the agreement between the parties to mean that the commission was to be paid "when" — and only when — "the deal is closed up." The deal never closed, and the Court said at p. 306 that,

> It can make no difference whether the event be called a contingency or the time of performance. Certainly, under either construction, the result would be the same; since, if the event does not befall, or a time coincident with the happening of the event does not arrive, in neither case may performance be exacted. Nor will it do to say that a promise to pay 'when the deal is closed up' is a promise to pay when it ought to be closed up according to the terms of the contract. Such is not the meaning of the words used. It is the event itself, and not the date of its expected or contemplated happening, that makes the promise to pay performable. *AMIES v WESNOFSKE*, 255 NY 156, 174 NE 436, 73 ALR 918.

By the conveyance of the property on 4 February 1977, the defendants served notice to the plaintiff, and to all the world, that they would never develop the property, and such conveyance and notice terminated the agreement, if any there was.

For the reasons stated above, the decision of the court below is

Reversed.

Chief Judge MORRIS and Judge PARKER concur.