CAROLINA CABLE & CONNECTOR v. R&E ELECTRONICS, INC.

[123 N.C. App. 519 (1996)]

———

CAROLINA CABLE & CONNECTOR, Plaintiff, v. R&E ELECTRONICS, INC., a North Carolina Corporation, and TELECOMMUNICATIONS AND ENVIRONMENTAL SUPPORT CORPORATION, Defendants

No. COA95-607

(Filed 6 August 1996)

**Accounts and Accounts Stated § 14 (NCI4th)— promise to pay debt of plaintiff's customer—insufficiency of evidence**

There was no competent evidence that defendant promised to pay the account debt of a customer to plaintiff supplier where defendant sent a letter to plaintiff stating that defendant had entered into an agreement to provide financing and various advisory functions to the customer, stating that defendant "plans to supply funding for [the customer] to bring your account current as quickly as possible," and asking for verification of the account balance in order to establish a payment plan, but the letter did not explicitly promise to pay the account debt, and plaintiff never received any other communication from defendant.

**Am Jur 2d, Accounts and Accounting § 8.**

Judge WALKER dissenting.

Appeal by defendant TESCOR from judgment entered 20 December 1994 by Judge Susan Renfer in Wake County District Court. Heard in the Court of Appeals 27 February 1996.

Carolina Cable & Connector, Inc. (hereinafter plaintiff) is a company engaged in the business of selling communications products. From August 1992 through December 1992, plaintiff sold communications equipment for sales prices totalling $16,554.17 to R&E Electronics, Inc. (hereinafter R&E). During this time, plaintiff provided monthly billing statements to R&E, but R&E failed to make any

CAROLINA CABLE & CONNECTOR v. R&E ELECTRONICS, INC.

[123 N.C. App. 519 (1996)]

payments except for one payment of $66.50. Plaintiff alleges that as it was preparing to file a lawsuit against R&E in January 1993, plaintiff received a letter from TESCOR (Telecommunications and Environmental Support Corporation) (hereinafter defendant), a company in the business of assisting financially troubled companies in obtaining financing. In defendant TESCOR's letter to plaintiff dated 21 January 1993, defendant stated that it had "entered into an agreement with [R&E] to provide financing and various advisory functions." Defendant requested plaintiff to fill out an Account Verification Form. Defendant stated that it would be in contact with plaintiff upon completion of its initial analysis. Plaintiff never received any other communication from defendant TESCOR.

On 15 July 1993, after plaintiff still had received no further payment on R&E's account, plaintiff filed suit against R&E and defendant to recover $16,554.17 plus eighteen percent interest per annum. In the complaint, plaintiff claimed that defendant had "assumed responsibility for R&E's account" and had "promised to pay" R&E's account. On 15 July 1994, plaintiff moved for summary judgment and the trial court granted plaintiff's motion as to R&E, determining that plaintiff should recover from R&E $16,554.17 plus eighteen percent interest per annum until plaintiff was paid in full. The trial court denied plaintiff's motion as to defendant. R&E subsequently filed for bankruptcy.

On 15 December 1994, plaintiff's case went to trial against defendant. After the presentation of the evidence, the trial court found that in defendant's 21 January 1993 letter, defendant had promised to pay off R&E's accounts payable, including plaintiff's account. The trial court determined that plaintiff was entitled to recover $16,554.17 plus eighteen percent interest per annum from defendant.

Defendant appeals.

*Burns, Day & Presnell, P.A., by Susan F. Vick, for plaintiff-appellee.*

*Farris & Farris, P.A., by Thomas J. Farris, for defendant-appellant.*

EAGLES, Judge.

Defendant argues that there is no competent evidence to support the trial court's findings of fact numbers four and eight in which the trial court found that defendant had promised to pay off R&E's debt to plaintiff. In a bench trial, the trial court's findings of fact are con-

clusive on appeal if there is competent evidence to support the findings, even if there is evidence which could support findings to the contrary. *Blackwell v. Butts*, 278 N.C. 615, 619, 180 S.E.2d 835, 837 (1971). Here, defendant's letter to plaintiff provided:

> As you have been made aware, TESCOR has entered into an agreement with your customer, *R&E Electronics*, to provide financing and various advisory functions. Through this arrangement, TESCOR's goal is to see *R&E Electronics* expand its growth without realizing the cash-flow problems that naturally come with the expansion of any company.

> An essential ingredient to the success of *R&E Electronics* through this transition is to continue its relationship with its solid vendor base. *R&E* has greatly benefited from its relationship with you as a supplier and we want that to continue. Our expectations in the short term are to bring our account to current status and to maintain those terms. Our long-term goals are to grow by using you as one of our key suppliers and to soon be in a position to pay invoices early and take advantage of discounts.

> TESCOR saw *R&E* as a firm that has the capabilities to become one of the nation's largest providers of various telecommunications and electronics services. TESCOR will be the support vehicle to make that vision a reality.

> We appreciate your past support. TESCOR plans to supply funding for *R&E* to bring your account current as quickly as possible. In order to establish our payoff plan for your account, we must verify all account balances. Please complete the attached *Account Verification Form* and return it to the address shown at the bottom of the form.

> Upon completion of our initial analysis, we will be in contact with you concerning our plans to bring your account to current status. We look forward to a continuing relationship. Your patience and understanding is greatly appreciated. You can look for great things to happen in the future with *R&E Electronics*.

In *Bowman v. Hill*, 45 N.C. App. 116, 262 S.E.2d 376 (1980), we stated that "[o]ne of the elements of a valid contract is a promise, which has been defined as an assurance that a thing will or will not be done. '[However,] the mere expression of an intention or desire is not a promise.' " *Hill*, 45 N.C. App. at 117, 262 S.E.2d at 377 (quoting 17A Am. Jur. 2d, Contracts § 3 (1991)). Here, in defendant's letter to

plaintiff, defendant merely indicated to plaintiff that it planned to provide funding for R&E. Defendant did not promise to pay R&E's debt. Defendant's letter did "not carry the thrust of a promise to do or refrain from doing anything." *Hill*, 45 N.C. App. at 118, 262 S.E.2d at 377. At trial, plaintiff's only witness, its credit manager, testified that plaintiff never received any other communication, written or oral, from defendant. After carefully reviewing the record, we conclude that there is no competent evidence to support the trial court's findings that defendant promised to pay R&E's debt.

Reversed.

Judge JOHN concurs.

Judge WALKER dissents.

Judge WALKER dissenting.

I disagree with the majority that there is no competent evidence to support the trial court's findings of fact. Here, the court made the following relevant findings:

### Findings of Fact

4. On or about January 21, 1993, defendant Telecommunications and Environmental Support Corporation (hereinafter referred to as "TESCOR") informed plaintiff by way of a letter that: a financial relationship existed between TESCOR and defendant R&E; TESCOR was providing financing to defendant R&E; TESCOR promised to pay off R&E's accounts, including plaintiff's account; and TESCOR intended to continue to use R&E's vendors, including plaintiff and wanted to maintain a relationship with plaintiff. This letter was signed by the Vice President of TESCOR, Greg Hales, and was not a draft or preliminary copy of any letter earlier written by TESCOR.

. . .

7. As a result of the letter received by plaintiff, TESCOR's promise to pay the account and TESCOR's statement that it would continue to use plaintiff as a vendor, plaintiff refrained from initiating suit against R&E in January of 1993.

8. As a result of TESCOR's conduct and the letter and account verification form received by plaintiff, TESCOR assumed respon-

sibility for R&E's account and is therefore liable for the debt owed by R&E to plaintiff.

. . .

10. Plaintiff is entitled to recover from defendant TESCOR the sum of $16,554.17 plus interest at the rate of eighteen percent per annum from July 1, 1993 until plaintiff is paid in full.

### Conclusions of Law

1. Defendant Telecommunications and Environmental Support Corporation is liable to plaintiff in the amount of $16,554.17 as TESCOR assumed liability of R&E to plaintiff.

The evidence shows that plaintiff was preparing to file suit against R&E at the time plaintiff received the letter from TESCOR dated 21 January 1993. The letter was replete with specific references to TESCOR's intentions and promises to pay the balance due on the account. Additionally, the letter included an Account Verification Form which noted the balance due plaintiff and requested that the balance be verified and returned directly to TESCOR. Based on the promises contained in the letter and the Account Verification Form, plaintiff agreed to refrain from filing suit against R&E in January of 1993 and waited for payment from TESCOR. After careful review of the evidence in the record, I conclude that the challenged findings and conclusions are supported by competent evidence. Therefore, I would affirm the trial court's judgment.